Argued January 14, decided February 11, rehearing as to costs March 17, 1908.

## DENNY v. BEAN.

[93 Pac. 693; 94 Pac. 503.]

CONTRACTS—CONSIDERATION.

1. An agreement by a judgment creditor, who had been paid only a part of the judgment to cancel it, based on the debtor's agreement not to appeal, made after the time to appeal had expired, is without consideration; but an agreement to cancel the judgment, based on the debtor's agreement to cancel a debt due from the creditor, is supported by a valid consideration.

STATUTES—CONSTRUCTION—RETROACTIVE OPERATION.

2. The rule that statutes will be construed to operate prospectively only, unless an intent to the contrary appears, is only a guide where the legislative intent is obscure, in which case the statute should not be given a retroactive construction, though within the wording thereof, if such construction impairs existing rights, creates new obligations, or imposes new duties in respect to past transactions.

SAME—"WHENEVER."

3. Section 2225, B. & C. Comp., providing that "whenever a judgment is given" in a justice's court, the judgment creditor may at any time thereafter, while the judgment is enforceable, file a transcript, etc., enacted in 1899, supersedes Hill's Ann. Laws 1892, § 2103, providing that whenever a judgment is given in a justice's court, the judgment creditor may within one year thereafter file a transcript thereof, and operates prospectively only, the word "whenever" being an adverb of time, and when used with the present tense of the verb, excludes the idea of a judgment theretofore given, and though construed to operate retroactively the statute cannot apply to a justice's judgment rendered in 1896, no transcript of which had been filed within one year after its rendition.

SAME.

4. Where a remedy has been once barred by statute, a subsequent enactment, establishing a longer period of time in which the remedy may be enjoyed, will not be given a retroactive construction to revive the lost remedy, unless that intention is affirmatively expressed in the act.

APPEAL—RECORD—CONSIDERATION OF MATTERS OUTSIDE OF.

5. Where respondent, on costs of appeal being awarded appellants on the ground of material modification in the decree, moves for a change in the decree of the Supreme Court as to costs, on the ground that the modification of the decree of the lower court was immaterial, which he seeks to establish *ex parte*, and not by the record, such *ex parte* showing cannot be considered.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. COMMISSIONER SLATER.

Plaintiff sues in equity to enjoin the issuance of a sheriff's deed to a purchaser at a sale on an execution issued out of the circuit court of Polk County on a transcript of a justice's judgment filed therein; to have declared void and canceled of record the transcript of the judgment and the execution thereon, and to cancel the

judgment as settled and paid.  Plaintiff alleges, in substance, that on April 23, 1896, W. S. Bean commenced an action against him in the justice's court for District No. 2, of Polk County, and that on the —— day of June, 1896, Bean secured judgment against him for $236.11; that about June 2, 1896, the sum of $62.15 was made on execution; that thereafter, and in the same month, plaintiff threatened to institute proceedings to set aside the judgment, claiming that he was never indebted to Bean in a sum greater than $54, and that before the time for appeal had expired, he and Bean entered into an agreement and settlement, whereby the latter was to satisfy the judgment in consideration that plaintiff would not appeal or institute any other proceedings to annul the judgment; that on December 10, 1903, in violation of his contract, Bean caused a transcript of the judgment to be filed in the circuit court of that county, and afterwards assigned the same to Agnes Bean, who is his divorced wife; that Agnes Bean caused an execution to be issued out of the circuit court on October 13, 1904, which was levied on plaintiff's land, and on November 26, 1904, the land was sold to Agnes Bean for the balance due on the judgment, and that the sale was confirmed about May 8, 1905.  J. T. Ford, sheriff, is made a party defendant.

The answer denies all of the averments of the complaint, excepting the issuance of the execution at the instance of Agnes Bean, the sale of the land, and its purchase by her and the confirmation thereof.

After the taking of testimony, findings were made in plaintiff's favor, and a decree was entered canceling the judgment and annulling all the proceedings taken for its enforcement, from which decree defendant appeals.

MODIFIED.

For appellant there was a brief over the names of *Mr. Oscar Hayter* and *Mr. Carey F. Martin,* with oral arguments by *Mr. Hayter* and *Mr. Martin.*

For respondent there was a brief and an oral argument by *Mr. Frank Holmes.*

Opinion by MR. COMMISSIONER SLATER.

1. It was admitted at the trial that the judgment was, in fact, obtained on April 23, 1896, instead of in June as alleged, and that about December 10, 1903, a transcript thereof was made and filed in the circuit court at the instance of the judgment creditor. The plaintiff, however, has failed to establish the settlement and agreement to cancel the judgment, as alleged by him. The consideration alleged for the making of the agreement was that plaintiff would not appeal from the judgment, or institute any other proceedings to cause the same to be set aside. At the time of making the agreement not to appeal, plaintiff had no right of appeal. That had been lost to him by the expiration of the time limited in the statute in which an appeal might have been taken. What other legal proceedings, if any, plaintiff had in contemplation to cause the judgment to be annulled, is not shown. There is some evidence that at that time he may have had a cause of action in debt against Bean upon which he might have recovered a judgment in an amount equal to or greater than the balance due on this judgment. An agreement, then, to surrender and cancel this indebtedness in payment and satisfaction of the judgment, and the actual surrender and cancellation thereof, with the correlative agreement by the judgment creditor, to accept and receive the same in satisfaction and payment, would make a case, but it is not so alleged or proved. We are of the opinion, however, that there was no authority in law for the filing of the transcript of this judgment in the circuit court after the expiration of one year from its date, and consequently all of the proceedings based thereon are void.

"Execution to enforce a judgment in a justice's court must not be issued against or levied upon the real prop-

erty of the defendant; but when a judgment given by a justice has been duly docketed in the circuit court, thereafter it must be enforced as. a judgment of such circuit court": Section 2232, B. & C. Comp.

When this judgment was obtained, the statute provided that;

"Whenever a judgment is given in a justice's court in favor of any one for the sum of $10 or more, exclusive of costs or disbursements, the party in whose favor such judgment is given may, within one year thereafter, file a certified transcript thereof with the county clerk of the county wherein such judgment was given, and thereupon such clerk shall immediately docket the same in the judgment docket of the circuit court": Hill's Ann. Laws 1892, § 2103.

By the next succeeding section, such judgment is made a lien upon the real property of the defendant from the time of its docketing. No transcript of the judgment having been filed with the county clerk within one year after the judgment, the right to do so became extinguished, and the judgment creditor lost the means whereby he might obtain satisfaction thereof out of the defendants' real property. The former section of the statute, however, was repealed by the act of 1899, and a similar provision re-enacted, by which it was provided that:

"Whenever a judgment is given in a justice's court * * the party in whose favor the judgment is given may at any time thereafter, while such judgment is enforceable, file a certified transcript," etc.: Section 2225, B. & C. Comp.

2. It is now contended by the defendants herein that this latter statute is general in its terms and contains no inhibitions or negative clauses denying the right to judgments given prior to the act, and that it applies generally to all judgments of justices' courts which were enforceable at the time the act came into force; in other words, that it is retroactive in its operation. The general rule is that statutes will be construed to operate prospectively

only, unless an intent to the contrary clearly appears: Lewis' Sutherland, Statutory Con. § 642; Endlich, Int. Stat. § 271.     But in the case of *Judkins* v. *Taffe,* 21 Or. 89 (27 Pac. 221), it was held by this court that statutes which merely change the remedy or course and form of procedure, but which do not destroy all remedy for the enforcement of rights, are retrospective, and apply to causes of· action existing and litigation pending at the date of their passage.     In the course of the same opinion, at page 93, it is also said:

"In fact, the rule as gathered from all the authorities seems to be that, 'where the enactment deals with the procedure only, unless the contrary be expressed, the enactment applies to all actions, whether commenced before or after the passage of the act' "—citing Broom's Legal Maxims, 35.

The rule under consideration, however, is only a guide where the intention of the legislature is obscure: Broom's Legal Maxims, 27.     If the intention of the legislature is obvious and plain, it must prevail; but if it is obscure and doubtful, it should not be given a retrospective construction, although within the wording of the act, if such construction impairs existing rights, creates new obligations, or imposes more duties in respect to past transactions, unless such plainly appears to be the intent of the legislature: Sutherland, Statutory Con. § 643.     The case of *Larkin* v. *Saffarans* (C. C.), 15 Fed. 147, cited and approved by this court in *Judkins* v. *Taffe,* 21 Or. 89 (27 Pac. 221), quotes the above rule of construction taken from Broom's Legal Maxims, and applies it to the facts of that case; but at page 151 of the opinion the distinction is clearly made that, when a case has gone to judgment, there is no pending case on which to act, as it is past and gone from the court, and, in one sense, there then vests a right in the defendant to the judgment.     It becomes a sort of property, and should not ordinarily be taken from him.     In such a case the rule of construction

stated would not apply, and nothing less than a specific direction in the statute would authorize the court to make it retrospective. The intent of the legislature as to whether the act under consideration should operate prospectively only or retrospectively also is to be determined mainly from the words "whenever a judgment is given."

3. The word "whenever" is an adverb of time, which, speaking from the date of the act, looks to the future rather than to the past: *Kennebec & Portland Ry. Co.* v. *Portland & Kennebec Ry. Co.* 59 Me. 9-61. It may, of course, be controlled by the tense of the verb which it modifies. When used, as in this instance, with the present tense of the verb, it would appear to exclude the idea of a judgment which had theretofore been given. In the case of *McGovern* v. *Connell*, 43 N. J. Law, 106, the court construed these words of a statute, "when any judgment is obtained," occuring in a statute which authorized an alias execution to issue under certain conditions to a constable of another county. It was contended that the act applied to judgments obtained before the passage of the act. The court say:

"The most that can be said in favor of this construction is that the language used is indefinite as to time. If it may mean 'when any judgment has been obtained,' it may, at least, as plainly be understood to mean 'when any judgment shall be obtained.' "

"But, after considering and applying the rules for statutory construction, the phrase was held to mean "when any judgment is hereafter obtained." And that is the meaning we would derive from the words "whenever a judgment is given," used in the act under consideration.

4. If there can be said to be any doubt, in view of the rule stated in Broom's Legal Maxims, quoted and approved by this court in *Judkins* v. *Taffe*, 21 Or. 89 (27 Pac. 221), or should the contrary conclusion be reached that the act should be made to apply to judgments previously given, there is no doubt that it could not apply

to a state of facts disclosed in the present case, because
the legal effect of the act, if applied, would be not to
effect a change in the course or form of the procedure
of a cause then pending, nor to enlarge the time in which
a present right may be exercised, but would be a re-estab-
lishment of a right once existing, but lost and barred by
the statute before the passage of the new act. When a
remedy has been once barred by statute, a later enact-
ment establishing a longer period of time in which the
remedy may be enjoyed, will not be given a retroactive
construction to revive the lost remedy, unless that inten-
tion is affirmatively expressed in the act: *Dyer* v. *Belfast,* ·
88 Me. 140 (33 Atl. 790) ; *Mann* v. *McAtee,* 37 Cal. 11;
*Garfield* v. *Bemis,* 2 Allen (Mass.), 445.

The decree should be modified so that the judgment
may stand and the remainder be affirmed.

MODIFIED : AFFIRMED.

Decided March 17, 1908.
## ON REHEARING AS TO COSTS.
[94 Pac. 503.]

Opinion by MR. COMMISSIONER SLATER.

5. Plaintiff and respondent presents his petition for a
rehearing as to costs on the appeal. Nothing was said in
the opinion as to who should be allowed costs; and, it
appearing that the decree of the lower court had been
modified in a material respect, the prevailing party was
awarded costs in the decree in accordance with the gen-
eral rule. But it is now contended by respondent that
the modification of the decree was not material and of
no advantage to the appellant, inasmuch as the judgment
of the justice court, which was allowed to stand of record,
became outlawed on April 24, 1906, and was thereafter
of no value to appellants. This respondent seeks to
establish *ex parte,* and not by the record, by showing that
no legal execution had been issued thereon within the
statutory period, and hence it is conclusively presumed

to have been paid.    This, however, cannot be considered. It does, however, appear from the record that the chief remedy sought by plaintiff was to prevent the consummation of a sale of his real estate through the instrumentality of this judgment, and he was accorded that much by the decree both of the lower court and of this court.

It is therefore considered equitable that neither party should be allowed to recover costs here.

<div align="right">MODIFIED AS TO COSTS.</div>

---

<div align="center">

Decided January 21, rehearing denied March 17, 1908.