On certified question from United States District Court Order filed May 22, and received by this court May 31, certification accepted June 19, 1990, certified question answered December 19, 1991, reconsideration denied February 25, 1992

A.K.H.,
*Plaintiff,*

*v.*

R.C.T.,
*Defendant.*

(USDC Civil 90-53-PA; SC S37202)

822 P2d 135

Margaretta Eakin, Portland, filed the brief and argued the cause for plaintiff.

I. Franklin Hunsaker, of Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, argued the cause for defendant. With him on the brief were Ronald G. Stephenson and Lori R. Metz.

Judy Danelle Snyder, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Lindsey H. Hughes, of Hallmark, Keating & Abbott, P.C., Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

GILLETTE, J.

## GILLETTE, J.

This case presents a question of law certified to us by the United States District Court for the District of Oregon. *See generally* ORS 28.200-28.255; *Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 811 P2d 627 (1991) (setting out and explaining the certification process). Because of a legislative change to the statutory law relevant to the question posed to us, a party has moved this court to dismiss the certification proceeding as moot. For the reasons that follow, we decline to dismiss the proceeding. We instead answer the question certified, together with an additional, related question that arises because of the legislative change.

Plaintiff filed the underlying action in the District Court, alleging that she had been sexually abused by defendant when she was a minor and asserting claims for breach of a fiduciary duty, assault and battery, and intentional infliction of severe emotional distress. Defendant moved to dismiss plaintiff's complaint on the ground that the action was barred by the applicable statutes of limitation — ORS 12.110(1)[1] (the two-year tort statute of limitation) and 12.160[2] (the statute that suspends or extends the limitation period for up to five years during minority). Plaintiff asserted that ORS 12.117,[3] which was enacted in 1989 (three years after her

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

[2] ORS 12.160 provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1) Within the age of 18 years,

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

[3] *Former* ORS 12.117(1) provided:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is within 18 years of

claim had become time barred), should be applied retroactively to revive her cause of action. Because the question of the retroactivity of ORS 12.117 was an unresolved question of Oregon law, the District Court certified the issue to this court by the following question:

> "Does ORS 12.117 apply to actions based on child abuse filed after its effective date [October 3, 1989] if such action was previously barred by ORS 12.110 and 12.160?"

We accepted the certification on June 19, 1990.

After this court had accepted certification of the District Court's question, the legislature once again entered the picture by enacting HB 2668 (Or Laws 1991, ch 932). That measure provided, in part:

> "Section 2. Notwithstanding any other provisions of law, ORS 12.117, as amended by Section 1 of this Act, applies to all actions commenced on or after October 3, 1989, including any action that would have been barred by application of any period of limitations prior to October 3, 1989."

By virtue of an emergency clause, the amendment to ORS 12.117 became effective on August 8, 1991, the date that it was approved by the Governor. By its terms, the 1991 Act governs the present proceeding.[4]

■■ The foregoing recitation explains why the motion to dismiss the present proceeding as moot is not well taken. The question of the retroactivity of ORS 12.117 is still a viable legal question. The difference in this case before the 1991 enactment and after that enactment is the degree of clarity with which the legislature has given its answer to the question. Whatever ambiguity may have existed with respect to the retroactivity of *former* ORS 12.117 before the 1991 amendment, the legislature has now provided a specific

---

age shall be commenced not more than five years after that person attains 18 years of age."

ORS 12.117 has been amended by Oregon Laws 1991, chapter 932, section 2, in a manner discussed *post.*

[4] It appears that, from the legislative history cited to us by the parties, the legislature specifically was made aware of the present case as an illustration of the kind of case to which supporters of the 1991 measure wished to have it apply.

answer to the question certified to us by the District Court. We answer that question as follows:

"Yes. Or Laws 1991, ch 932, § 2."

■ Defendant argues that, if the foregoing answer is correct, the measure is unconstitutional on several different grounds. All of these grounds, save one, are based on one or another provision of the United States Constitution. We shall not address the federal constitutional theories. Our authority to consider a certified question under ORS 28.200 *et seq* depends on its being one concerning Oregon, not federal, law. *Western Helicopter Services v. Rogerson Aircraft, supra,* 311 Or at 365. Defendant's federal constitutional arguments on this issue, therefore, appropriately are directed to the District Court.

■ In the one constitutional argument advanced by defendant that does relate to a matter specifically within this court's authority to answer, defendant argues that applying the amendment to ORS 12.117 according to its terms would violate Article III, section 1, of the Oregon Constitution, the Separation of Powers Clause. Pursuant to the power that we reserve to ourselves under the certification procedure, ORS 28.200 *et seq,* we modify the question certified to us by the District Court to include this additional issue.[5] *See Western Helicopter Services v. Rogerson Aircraft, supra,* 311 Or at 370-71 (describing circumstances in which this court reserves the right, in the exercise of its discretion, to reframe questions submitted to it).

■ Article III, section 1, of the Oregon Constitution, provides:

"The powers of the Government shall be divided into three seperate [*sic*] departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another * * *."

Defendant argues that the 1991 amendment to ORS 12.117 constitutes an impermissible interference by the legislative

---

[5] This is a discretionary power that this court will use sparingly. We use it in this case because (1) we assume the certifying court would wish to have our answer on this issue, and (2) it is easily resolved without further briefing from the parties.

branch with the power of the judicial branch. This is true, defendant claims, because the legislative history of the 1991 enactment shows that "the Act is an attempt to mandate precisely how this matter pending before this Court should be resolved."

This argument is unpersuasive. It is a function of legislation to draw lines. We do not see how legislative awareness of the facts of a *particular* case that would fall within the terms of its enactment of a general law in any way changes the purely legislative nature of the enactment. Oregon Laws 1991, chapter 932, section 2, does not violate Article III, section 1, of the Oregon Constitution, in the manner argued by defendant.[6]

Certified question answered.

---

[6] We express no opinion as to any other issue that might hereafter be raised concerning the constitutionality of the measure under the Oregon Constitution.