Argued and submitted January 8, decision of the Court of Appeals and judgment of the circuit court affirmed June 27, 1996

JAMES S. OWENS,
*Petitioner on Review,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent on Review.*

(CC 93C-13426; CA A85646; SC S42521)

918 P2d 808

David W. Knofler, Multnomah Defenders, Inc., Portland, argued the cause for petitioner on review. Michael E. Rose filed the petition.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

CARSON, C. J.

Unis, J., filed a dissenting opinion in which Durham, J., joined.

## CARSON, C. J.

In this action for post-conviction relief, we are asked to interpret the provisions contained in ORS 138.510(2) (1993) and Oregon Laws 1993, chapter 517, section 5, relating to time limitations upon the filing of a petition for post-conviction relief.

Petitioner was convicted of three counts of rape in the first degree and one count of burglary in the first degree on June 6, 1989. His convictions were affirmed on appeal and became final on January 13, 1992. On November 24, 1993, nearly two years after his convictions became final on appeal, petitioner filed a petition for post-conviction relief. The post-conviction court determined that, because petitioner had not filed his petition within 120 days after his convictions became final on appeal, the petition was time-barred under ORS 138.510(2)(b) (1991).[1] Accordingly, the post-conviction court dismissed the petition. Petitioner appealed to the Court of Appeals, which affirmed without opinion. *Owens v. Maass*, 135 Or App 696, 898 P2d 818 (1995). We allowed review and now affirm the decision of the Court of Appeals.

At the time that petitioner's convictions became final on appeal, ORS 138.510 (1991) provided, in part:

"(1)   Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680.

"(2)   A petition pursuant to ORS 138.510 to 138.680 *must be filed within 120 days* of the following * * *:

"(a)   If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b)   If an appeal is taken, the date the appeal is final in the Oregon appellate courts."[2] (Emphasis added.)

---

[1] At the times that petitioner committed his crimes and was convicted, no statutory time limitation to the filing of a petition for post-conviction relief existed. However, at the time that petitioner's convictions became final on appeal, ORS 138.510(2) (1991) imposed a 120-day filing period.

[2] For simplicity, throughout this opinion, we use the phrase "conviction (or convictions) became final" to refer to the finality requirements of both paragraphs (a) (no appeal) and (b) (appeal) of ORS 138.510(2).

The 1993 legislature amended ORS 138.510(2), by deleting the words "120 days" and substituting the words "two years." Or Laws 1993, ch 517, § 1. That amendment became effective on November 4, 1993, more than 120 days, but less than two years, after petitioner's convictions became final.

Petitioner contends that the two-year filing period contained in ORS 138.510(2) (1993), rather than the 120-day filing period contained in ORS 138.510(2) (1991), should apply to his petition for post-conviction relief, because he did not file his petition until after the effective date of the new, two-year filing period. The state[3] contends that petitioner's right to file for post-conviction relief became time-barred on April 13, 1992, 120 days after his convictions became final and, consequently, that the new, two-year filing period cannot apply to the petition filed on November 24, 1993. For the reasons that follow, we agree with the state.

■■ The issue presented requires us to interpret ORS 138.510(2) (1993), in order to determine whether the two-year filing period applies to petitioner's petition. When construing a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In our first level of analysis, we examine the text and context of the statute at issue. *Id.* at 610-11.

■ We begin with the text of ORS 138.510(2) (1993), which provides the best evidence of the legislature's intent. *See PGE*, 317 Or at 610 (stating principle). The operative text provides, in part, that a petition for post-conviction relief "must be filed within two years of * * * [either] the date the judgment or order on the conviction was entered in the register [or] * * * the date the appeal is final in the Oregon appellate courts." That text is not helpful to our determination of the legislature's intent when it expanded the filing period contained in ORS 138.510(2).

---

[3] The former superintendent of the Oregon State Penitentiary is the defendant in this post-conviction proceeding. For ease of reading, we refer to the superintendent as "the state" throughout this opinion.

When we turn to the context of ORS 138.510(2), however, we observe that the 1993 legislature did speak to which petitions are subject to the new, two-year filing period. Oregon Laws 1993, chapter 517, section 5, provides, in part:

"[T]he amendments to ORS 138.510 * * * by section[ ] 1[4] * * * of this Act *apply to all petitions for post-conviction relief filed after the effective date of this Act*."[5] (Emphasis added.)

Petitioner argues that, under the plain words of section 5 of Oregon Laws 1993, chapter 517, the two-year filing period applies to his petition, because his petition is a "petition[ ] for post-conviction relief filed after the effective date of [the] Act." In petitioner's view, a literal reading of ORS 138.510(2) and section 5 suggests that if, at the time a petition were filed, less than two years had elapsed from the date when the petitioner's conviction became final, the petition would be timely.

At first glance, section 5 does appear to include a petition such as the one filed in this case, because petitioner filed his petition after November 4, 1993, the effective date of the 1993 amendments to ORS 138.510, and his appeal became final less than two years before the filing of his petition. In examining section 5, we also are mindful of the general rule that "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. In view of that rule, petitioner's argument is made more plausible by the legislature's inclusion of the word "all"

---

[4] Section 1 extended the filing period contained in ORS 138.510(2) and made additional changes to other provisions of ORS 138.510.

[5] The application clause contained in section 5 was not codified as part of ORS 138.510 (1993). However, because that clause is part of the law enacted by the 1993 legislature, we focus upon section 5, as part of our contextual analysis, in order to determine whether the legislature intended the two-year filing period to apply retroactively to otherwise time-barred petitions. *See Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 30-31, 892 P2d 1002 (1995) (court analyzed the applicable Oregon Laws as part of the context of the statute at issue); *Smith v. Clackamas County*, 252 Or 230, 232-35, 448 P2d 512 (1968) (court analyzed the text of a noncodified savings clause to determine whether the legislature intended a statute that allowed certain tort recovery against local governments to apply retroactively), *overruled on other grounds by Whipple v. Howser*, 291 Or 475, 487, 632 P2d 782 (1981).

in section 5, which means, among other things, *"every* member or individual component." *Webster's Third New Int'l Dictionary* 54 (unabridged ed 1993). (Emphasis added.) Section 5 also demonstrates that the legislature, when determining which petitions should benefit from the new filing period, selected a *different* triggering event than that contained in ORS 138.510(2), choosing to focus upon the date when a petition is filed, rather than upon the date when a conviction becomes final.

The state contends that the phrase "all petitions for post-conviction relief filed after the effective date of this Act" does not really mean *all* petitions but, rather, precludes petitions *that already had become time-barred* under the 120-day filing period, before the effective date of the 1993 amendments to ORS 138.510. In other words, the state urges this court to interpret section 5 to include all petitions for post-conviction relief *that still could be filed* under the 120-day filing period.

The state's proposed interpretation of section 5 conflicts with the general rule of construction contained in ORS 174.010, which provides that, when construing a legislative enactment, this court may not "insert what has been omitted" nor "omit what has been inserted." The state seeks to insert what has been omitted because, as noted above, the state contends that section 5 includes all petitions *that had not become time-barred* under the 120-day filing period, before the effective date of the 1993 amendments. Moreover, by ignoring the word "all" in section 5, the state seeks to omit what has been inserted by the legislature.

There are, however, additional aspects of the context of ORS 138.510(2), all of which need to be considered in carrying out the first level of statutory interpretation. Those additional aspects include other provisions of ORS 138.510, applicable case law interpreting those other provisions, and prior legislative changes to ORS 138.510(2). *See PGE*, 317 Or at 611 (stating that context includes other provisions of the statute at issue); *Davis v. O'Brien*, 320 Or 729, 741, 891 P2d 1307 (1995) (stating that prior statutory interpretations are part of the court's contextual analysis); *Boone v. Wright*, 314

Or 135, 138, 836 P2d 727 (1992) (court examined legislative changes to the statute at issue as part of analyzing context).

ORS 138.510 was enacted in 1959 as part of the original Post-Conviction Hearing Act. Or Laws 1959, ch 636, §§ 1, 16, and 17. Before 1989, ORS 138.510 contained no statutory filing period and, consequently, criminal defendants faced no time limitation in filing for post-conviction relief. In 1989, the legislature enacted what is now subsection (2) of ORS 138.510, creating the 120-day filing period. That provision, which did not contain any words of retroactivity, became effective on August 5, 1989. Or Laws 1989, ch 1053, § 18.

In 1992, this court determined that the 120-day filing period contained in ORS 138.510(2) (1989) could not apply retroactively to bar petitions filed, or to be filed, by criminal defendants whose convictions became final before the effective date of the 120-day filing period. *Boone*, 314 Or at 135. Consequently, defendants whose convictions became final before August 5, 1989, continued to have no time limitation upon their ability to file for post-conviction relief, while defendants whose convictions became final after that date were subject to the 120-day filing period.

In 1993, as previously discussed, the legislature extended the 120-day filing period contained in ORS 138.510(2) to two years. At the same time, the 1993 legislature also enacted subsection (3) of ORS 138.510. Or Laws 1993, ch 517, § 1. That subsection provides, in part:

> "A one-year filing period shall apply retroactively to petitions filed by persons whose convictions and appeals became final before August 5, 1989, and any such petitions must be filed within one year after November 4, 1993."

The effect of subsection (3) is to provide a one-year window during which criminal defendants whose convictions became final before August 5, 1989, could file for post-conviction relief. That is, defendants who previously had no time limitation upon their ability to file a petition must have filed before November 4, 1994, or their ability to file for post-conviction relief became time-barred.

Petitioner contends that subsection (3) of ORS 138.510 has no effect upon our interpretation of subsection

(2) and section 5. Petitioner argues that subsection (3) provides a specific filing period for criminal defendants whose convictions became final before August 5, 1989, while subsection (2) provides a general filing period for all other defendants, who file their petitions after November 4, 1993. In the light of this court's decision in *Boone*, petitioner's argument is plausible because, without subsection (3), defendants with older convictions still would have no time limitation upon their ability to file for post-conviction relief.

We do note, however, that subsection (3), enacted at the same time as section 5, affects the meaning of the phrase *"all petitions* for post-conviction relief filed after the effective date of this Act," contained in section 5, as that phrase relates to the applicability of the new, two-year filing period. (Emphasis added.) Because, under subsection (3), criminal defendants whose convictions became final before August 5, 1989, must have filed their petitions *within one year of the effective date of the 1993 amendments,* the phrase "all petitions" contained in section 5 *cannot* include petitions relating to convictions that became final before August 5, 1989. In other words, in reference to the applicability of the two-year filing period, subsection (3) *limits* the otherwise expansive scope of petitions that would be included under the "all petitions" wording of section 5 to petitions relating to convictions that became final *after* August 5, 1989. That reading of the combined provisions is consistent with petitioner's contention that subsection (3) provides a specific filing period for defendants whose convictions became final before August 5, 1989, while the two-year filing period applies to petitions relating to later convictions, filed after November 4, 1993. It also is consistent with the rule that, whenever possible, this court must construe different provisions of a legislative enactment so as to give effect to each provision. *See* ORS 174.010 (stating rule); *see also Cash Flow Investors, Inc. v. Union Oil Co.*, 318 Or 88, 92, 862 P2d 501 (1993) (citing rule when analyzing context).

The state contends that, because subsection (3) of ORS 138.510 contains words of retroactivity, the *absence* of similar wording in subsection (2) and section 5 requires a conclusion that the new, two-year filing period is not meant

to apply to criminal defendants whose right to file for post-conviction relief became time-barred under the old, 120-day filing period, before the effective date of the 1993 amendments to ORS 138.510. The state is correct that, when the legislature incorporates words of retroactivity in one provision of a statute and omits similar words from another provision, that omission may support a conclusion that the legislature either did not intend the latter provision to apply retroactively or, at least, did not consider that issue. *See Boone,* 314 Or at 138 (applying principle). However, we do not think that the 1993 legislature's use of retroactive wording in subsection (3) is dispositive in this case, for two reasons.

First, as noted, the existence of subsection (3) of ORS 138.510 indicates that section 5 refers to all petitions relating to convictions that became final *after* August 5, 1989, that also were filed after the effective date of the 1993 amendments. Second, the fact that the 1993 legislature specifically referred to the date when a defendant's conviction became final in subsection (3), but referred only to the date when a petition is filed in section 5, indicates that the legislature understood the distinction between those two phrases and chose to omit the "convictions became final" phrase from section 5. In short, the existence of subsection (3) supports petitioner's reading of section 5, rather than the state's.

At this point in our analysis, the statutory context of ORS 138.510(2) (1993) appears to support petitioner's contention that the two-year filing period applies to his petition. However, as part of our contextual analysis, we also must be mindful of any substantive law, in place when the legislature enacted the 1993 amendments, that directly bears upon our interpretation of ORS 138.510(2) and the application clause contained in section 5. *See State v. Waterhouse,* 209 Or 424, 436, 307 P2d 327 (1957) (stating that the court presumes that the legislature enacts statutes in the light of existing judicial decisions that have a direct bearing upon those statutes). Because earlier decisions of this court concerning the revival of time-barred actions are directly relevant to our interpretation of ORS 138.510(2) and section 5, we must consider those decisions in analyzing the context of ORS 138.510(2).

■        Generally, the ability to exercise a statutory right, such as the right to file for post-conviction relief, is *extinguished* if the statute creating the right also places a time limitation upon the ability to exercise that right *and* if the right was *not* exercised within that specified time. *Lamb v. Young*, 250 Or 228, 230-31, 441 P2d 616 (1968). In such statutes,

> "[t]he time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. *The statute is an offer of an action on condition that it be commenced within the specified time.*" *Id.* at 231 (internal quotation marks omitted). (Emphasis added.)

Under that rule, then, because petitioner did not file his petition within 120 days after his convictions became final, he *lost* his ability to file for post-conviction relief.[6]

■        Nevertheless, when the legislature chooses to extend the type of statutory time limitation described above, it also may choose to revive actions that previously became extinguished under the statute's old time limitation. In order to revive such actions, the legislature must express its intent to do so in the text of the new enactment. *See Denny v. Bean*, 51 Or 180, 186, 93 P 693 (1908) ("When a remedy has been once barred by statute, a later enactment establishing a longer period of time in which the remedy may be enjoyed, will not be given a retroactive construction to revive the lost remedy, *unless that intention is affirmatively expressed in the act.*" (Emphasis added.)). In other words, despite the fact that an action already may have become time-barred, it may be revived and subjected to a new, extended time limitation *if*

---

[6] Contrary to the view held by the dissenting opinion, we believe that it is appropriate to apply the rule stated in *Lamb v. Young*, 250 Or 228, 230-31, 441 P2d 616 (1968), to this case. That rule has been applied by this court in many different situations, all involving the *same type of statute* at issue before us now—a statute that creates a new statutory right and also contains a time limitation during which that statutory right must be exercised, or the right expires. *See id.* at 231-32 (citing cases applying the rule).

the legislature expresses such an intent in the new enactment. Without an *express* authorization to *revive* actions previously time-barred, the ability to exercise such a statutory right *no longer exists.*[7]

The case of *A.K.H. v. R.C.T.*, 312 Or 497, 822 P2d 135 (1991), illustrates that type of expression of legislative intent. *A.K.H.* involved a civil action to recover damages resulting from abuse that the plaintiff had suffered as a minor. Under the applicable statutes of limitations in place at the time of the abuse, the plaintiff's action became time-barred several years before she filed a civil action. After the plaintiff's action became time-barred, but before the plaintiff filed her action, the legislature enacted ORS 12.117, which provided an extended statute of limitations for actions based upon a claim of child abuse. 312 Or at 499-500. The legislature subsequently enacted an application clause specifying that ORS 12.117 applied to actions commenced on or after the effective date of ORS 12.117, "including any action that would have been barred by application of any period of limitations prior to [the effective date of ORS 12.117]." *Id.* at 500. Because that application clause *expressly* indicated that the legislature intended to revive actions that previously had become time-barred, this court concluded that the new statute applied retroactively, reviving the plaintiff's action. *Id.* at 500-01.

The application clause contained in section 5 of Oregon Laws 1993, chapter 517, is not explicit, as was the clause in *A.K.H.* Although the text of section 5 states that the two-year filing period applies to "all petitions" filed after November 4, 1993, that text does *not* express a legislative

---

[7] Petitioner argues that any law pertaining to the revival of time-barred actions should be considered at the "legal maxims" level of statutory construction, rather than as part of the enactment's text and context. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 612, 859 P2d 1143 (1993) (court considers maxims and aids to construction only if the meaning of a statute is unclear after considering text, context, and legislative history). We disagree. The relevant rules concerning the revival of time-barred actions are not "maxims" of construction but, instead, are *substantive rules of law* that were in place when the legislature enacted Oregon Laws 1993, chapter 517. *Lamb*, 250 Or at 228; *Denny v. Bean*, 51 Or 180, 184-85, 93 P 693 (1908). Those substantive rules directly bear upon our interpretation of ORS 138.510(2) and the application clause contained in section 5 and, accordingly, are an appropriate part of our contextual analysis.

intent to *revive* the right to file a petition that became time-barred before the effective date of the two-year filing period. Consequently, in view of the applicable substantive law, which was in place when the legislature amended ORS 138.510(2) and enacted section 5, it is reasonable to conclude that the legislature did not intend the phrase "all petitions" to include petitions previously time-barred under the 120-day filing period. *See Waterhouse*, 209 Or at 436 (stating that prior judicial decisions can be significant in determining the legislature's intent at the time that it enacted the legislation at issue).[8]

After considering the text and context of ORS 138.510(2), we conclude that both petitioner and the state have offered reasonable interpretations of the application clause contained in section 5 of Oregon Laws 1993, chapter 517. Petitioner argues that we must give effect to the plain wording of section 5, that is, that the two-year filing period applies to "all petitions for post-conviction relief filed after the effective date of this Act." Although the existence of subsection (3) of ORS 138.510 demonstrates that the "plain meaning" of section 5 actually does not include *all* petitions filed after November 4, 1993, it nonetheless is plausible to conclude that the application clause applies to all petitions filed after that date, *except* those filed by criminal defendants whose convictions became final before August 5, 1989. Nevertheless, the state's interpretation of section 5 also is reasonable because, in view of the relevant substantive law in place when the legislature enacted the 1993 amendments to ORS 138.510, the lack of any words of revival in section 5

___

[8] We reject the dissent's contention that *State v. Waterhouse*, 209 Or 424, 307 P2d 327 (1957), is distinguishable from this case and does not stand for the propositions cited in this opinion. The essential facts of *Waterhouse*, which involved the interpretation of a criminal penalty statute in the light of pre-existing, substantive case law, are analogous to the facts of this case. The analysis followed by the court in *Waterhouse* likewise is analogous to the approach taken here. Moreover, the dissent misreads the statement from *Waterhouse* that "[t]he omission from the statute * * * of any procedural provisions whatever must be regarded as of controlling significance upon the question of legislative intention." 323 Or at 448 (Unis, J., dissenting) (quoting *Waterhouse*, 209 Or at 436). When read in context in *Waterhouse*, that statement supports our conclusion that, in the light of the substantive law in place before 1993, the legislature's *omission* of any words of revival in ORS 138.510(2) (1993) and section 5 of Oregon Laws 1993, chapter 517, indicates that the legislature did not intend that the two-year filing period should revive previously time-barred petitions.

indicates that the new, two-year filing period does not apply to petitions previously time-barred under the old, 120-day filing period.

Because the text and context of ORS 138.510(2) (1993) do not clearly demonstrate whether the legislature intended the new, two-year filing period to apply retroactively to revive otherwise time-barred petitions, we now turn to the legislative history of the statute. *See PGE*, 317 Or at 611-12 (describing methodology).

Oregon Laws 1993, chapter 517, originated in the 1993 legislative session as House Bill 2352. The bill originally contained only one amendment to ORS 138.510, creating a new provision that made the 120-day filing period apply retroactively to criminal defendants whose convictions became final before August 5, 1989.[9] As originally written, House Bill 2352 would have barred petitions by those defendants, because 120 days already had passed since their convictions became final. Tape recording, House Committee on Judiciary, Subcommittee on Civil Law and Judicial Administration, HB 2352, January 21, 1993, Tape 5, Side A at 1840-2096 (statement of Rep. Kevin Mannix).

The House Judiciary Committee's Subcommittee on Civil Law and Judicial Administration amended House Bill 2352 so that criminal defendants whose convictions became final before August 5, 1989, could have 120 days *after* the effective date of the bill to file for post-conviction relief. In other words, rather than cutting off that group's ability to file for post-conviction relief entirely, the amended bill would provide a 120-day window, during which defendants with older convictions could file their petitions. *Id.* at 2720-3490.

House Bill 2352 then was considered by the House Judiciary Committee's Subcommittee on Crime and Corrections. At a hearing and work session held on April 7, 1993, that subcommittee decided to extend the 120-day filing period to one year, which would apply to petitions relating to convictions that became final before August 5, 1989, as well as to newly filed petitions. Tape recording, House Committee

---

[9] That amendment eventually became subsection (3) of ORS 138.510 (1993).

on Judiciary, Subcommittee on Crime and Corrections, HB 2352, April 17, 1993, Tape 71, Side A at 705-1357.

After the subcommittee agreed to extend the filing period to one year, one representative asked whether the new filing period would apply to criminal defendants whose convictions became final between 1989 and 1993. The discussion following that question demonstrates that the participants in the April 7, 1993, work session were unsure whether the new filing period would affect that group of defendants. For example, the subcommittee's counsel indicated that the 120-day filing period would apply to defendants whose convictions became final between August 5, 1989, and November 4, 1993. However, a representative of the Department of Justice, who originally had proposed extending the filing period beyond 120 days, indicated that the one-year filing period would apply to defendants whose convictions became final less than one year before the effective date of the new filing period. *Id.* at 2236-2566 (statements of Rep. Kate Brown, Holly Robinson, Committee Counsel, and Brenda Peterson, Assistant Attorney General).

Because of that confusion, the subcommittee chair asked for clarification about whether the new filing period would affect criminal defendants whose convictions became final before the effective date of the 1993 amendments. The subcommittee's counsel then suggested that the subcommittee add a new provision to House Bill 2352, in order to explain how the new filing period would affect that group of defendants. She stated:

> "I have a suggestion. * * * You could do * * * 120 [days] retroactive, like Kevin [Mannix]'s bill, and everybody current, and then say [that as of] the effective date of this act, everybody will have a year. *Then you've got your pre-act people, all 120 days and then you've got your new people, who'll have all year.* * * * If the committee wants to make it very clear which applies to what, then my suggestion would be to revert the language in [House Bill] 2352 back to the 120 days retroactive for that group, so you've got a group of people who are current under current law and who are going backwards who are going to have 120 days, *and then make the one-year provision good for all of those people whose appeals become final after the effective date of the act.* Then

you[ ] either [have the] 120 * * * day group, * * * the pre-89 group * * * and everyone that this currently applies to, and then you have your one-year group, which would be after the effective date of this act." *Id.* at 2944-3214 (statement of Holly Robinson, Committee Counsel). (Emphasis added.)

After the legislators responded favorably to that suggestion, the subcommittee's counsel stated that she would instruct the legislative counsel's office to draft a new section to House Bill 2352, in order to draw a distinction between "a 'group A' and a 'group B,' " *i.e.,* criminal defendants whose convictions became final before the effective date of House Bill 2352, and those whose convictions became final after that date. *Id.* at 3318-3553. That new provision became section 5 of Oregon Laws 1993, chapter 517.

After considering the discussion that gave rise to the enactment of section 5, we conclude that the legislature did not intend to revive the right to file for post-conviction relief for those criminal defendants whose petitions became time-barred under the 120-day filing period, before the effective date of the 1993 amendments to ORS 138.510. The discussion that preceded the suggestion to add section 5 demonstrates that the participants in the April 7, 1993, work session were unsure whether the new filing period would affect defendants whose convictions became final before the effective date of the 1993 amendments. When the subcommittee agreed to add a new provision addressing that issue, section 5, the subcommittee understood that such a provision would preclude defendants whose convictions became final before the effective date of the 1993 amendments from filing under the new filing period. Indeed, in enacting section 5, the legislature's very purpose was to *clarify* that that group of defendants could *not* benefit from the new filing period.

Statements made at a conference committee work session on House Bill 2352 also support our reading of section 5 and ORS 138.510(2) (1993). After the House passed the amended version of House Bill 2352 discussed above, the Senate changed the one-year filing period, applicable to both newly filed petitions and petitions relating to convictions that became final before August 5, 1989, to two years and passed

the bill in that form. Minutes, Senate Committee on Judiciary, HB 2352, June 11, 1993, p 5. A joint conference committee considered the differences between the House and Senate versions of House Bill 2352 (that is, the enactment of a one-year or a two-year filing period) on July 12, 1993. At that work session, the committee considered adopting a compromise position, which would create a one-year window during which criminal defendants whose convictions became final before August 5, 1989, could file for post-conviction relief and provide a two-year filing period for other defendants. Tape Recording, Joint Conference Committee, HB 2352, July 12, 1993, Tape 1, Side A at 1078-1130 (statement of Rep. Kevin Mannix).

In considering that change to House Bill 2352, the members of the joint conference committee questioned whether the new filing period would apply to criminal defendants whose convictions became final before the effective date of the 1993 amendments. *Id.* at 1180-1763. After Representative Mannix, the sponsor of House Bill 2352, and a Department of Justice representative discussed whether the new filing period would affect those defendants, Representative Mannix summarized the effect of the bill as follows:

> "The proposal here would be to say, 'Well, come on guys, it's been since '89, do you want to appeal or not? You've got one more year for your old conviction.' That would be a proposed compromise, and then say for everybody else, two years. *Except for the 120 day folks who've already had the door shut. They knew about it, the door shut, and we're not going to reopen it." Id.* at 1820-61 (statement of Rep. Kevin Mannix). (Emphasis added.)

The joint conference committee then adopted the compromise amendment to House Bill 2352. *Id.* at 1951-2292. Both the House and the Senate later passed House Bill 2352 as amended by the joint conference committee, and the bill became effective on November 4, 1993. Or Laws 1993, ch 517.

The quoted statement of Representative Mannix, upon which the joint conference committee relied when it passed the compromise bill, demonstrates that the committee did *not* intend that the new, two-year filing period should

benefit criminal defendants whose petitions became time-barred under the old, 120-day filing period, before the effective date of the 1993 amendments. That is consistent with the view held by members of the House Judiciary Committee's Subcommittee on Crime and Corrections, when they decided to add section 5 to House Bill 2352. It also is consistent with our conclusion that, in enacting section 5, the legislature did not intend that the phrase "all petitions for post-conviction relief filed after the effective date of this Act" would revive petitions previously time-barred under the 120-day filing period.

In summary, after considering the text, context, and legislative history of ORS 138.510(2) (1993), we hold that the new, two-year filing period does not apply to petitions for post-conviction relief that became time-barred under the old, 120-day filing period, before the effective date of the 1993 amendments to ORS 138.510. Consequently, petitioner is barred from filing a petition for post-conviction relief.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**UNIS, J.,** dissenting.

The majority's opinion proves that the fertile legal imagination can conjure up an ambiguity in words where none exists. At issue in this case is whether petitioner's petition for post-conviction relief is time-barred. Ignoring the plain, natural, ordinary, and common sense meaning of the unambiguous words used by the legislature in ORS 138.510, and that statute's context, the majority concludes that petitioner's petition for post-conviction relief is time-barred. Because I disagree with that holding, I would reverse the decision of the Court of Appeals and the judgment of the circuit court and remand this case to the circuit court for further proceedings.

The best evidence of legislative intent is the wording of the statute itself. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). *See also Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981) (there is no more persuasive evidence of the purpose of a statute than the words used by the legislature to express its wishes); Newman

& Surrey, *Legislation* 645 (Prentice-Hall 1955) ("[t]he singly [*sic*] most important rule of statutory interpretation * * * is, the statute itself usually contains answers to most questions of law of how it should be applied"). Further, ORS 174.010 provides a statutory enjoinder to the courts "not to insert what has been omitted, or to omit what has been inserted." *See PGE*, 317 Or at 611 (citing that statutory rule of construction).

ORS 138.510, as amended by Oregon Laws 1993, section 1, allows "any person convicted of a crime under the laws of this state" to file a petition for post-conviction relief "within two years" from "the date the appeal is final" in Oregon appellate courts. "[T]he amendment[ ] to ORS 138.510 by section 1 * * * appl[ies] to *all* petitions * * * filed after [November 4, 1993,] the effective date of this Act." Or Laws 1993, ch 517, § 5 (emphasis added). Petitioner was convicted of crimes under the laws of this state. Those criminal convictions were affirmed on appeal and became final on January 13, 1992. On November 24, 1993, less than two years after his appeal became final, petitioner filed a petition for post-conviction relief. It seems clear, as day follows night, that petitioner timely filed his petition for post-conviction relief.

Recent decisions of this court make it clear that, when a statute's key terms and their context make the legislature's intent clear, this court's interpretative task is complete and "we proceed no further." *McIntire v. Forbes*, 322 Or 426, 429, 909 P2d 846 (1996); *PGE*, 317 Or at 611. Admittedly, the text of ORS 138.510, quoted above, is not particularly helpful in determining legislative intent. However, the amendment to ORS 138.510 clearly states the legislature's intent that the statute apply to "*all*" petitions filed after November 4, 1993. Thus, text and context are unambiguous, and further analysis is unwarranted under the methodology of *PGE*. The majority concedes as much. Moreover, the majority agrees that limiting petitions to those that had not become time-barred under the 120-day filing period ignores the word "all" and thus omits what has been inserted. It also agrees that this interpretation inserts what has been omitted; therefore, the majority violates the statutory rule of construction in ORS 174.010.

The majority's analysis is curious. The majority concedes repeatedly that the statutory context also supports the unambiguous reading of "all petitions." Yet it proceeds with an analysis of the substantive law in place when the amendatory language was adopted. In reaching the conclusion that such substantive law must be considered in a contextual analysis, the majority relies on *State v. Waterhouse*, 209 Or 424, 307 P2d 327 (1957). In *Waterhouse*, the court stated that knowledge of earlier enactments of a statute is presumed. Moreover, it is "likewise presumed that the statute was enacted 'in light of such existing judicial decisions as have a direct bearing upon it.'" 209 Or at 436. The facts of *Waterhouse* are distinguishable from those in the case at bar. The statute in *Waterhouse* concerned the codification of the habitual criminal law, which originated in English common law. It subsequently went through a long and complex process of repeal and amendment in many states, including Oregon, over a period of more than 50 years. That process also included constitutional challenges. In contrast, the two-year filing period amendment to ORS 138.510(2) is a simple change. Had the legislature so intended, it easily could have codified any qualifications to the term "all petitions filed after [November 4, 1993,] the effective date of this Act."

*Waterhouse* also states that "[t]he omission from the statute * * * of any procedural provisions whatever must be regarded as of controlling significance upon the question of legislative intention." *Id.* Thus, a closer reading of *Waterhouse* is consistent with the statutory rule of construction that enjoins the court "not to insert what has been omitted."

The majority cites *Denny v. Bean*, 51 Or 180, 93 P 693 (1908), for the proposition that a right of revival of an action must be expressed affirmatively. The majority then cites *Lamb v. Young*, 250 Or 228, 441 P2d 616 (1968), in reaching its conclusion that the legislature did not intend to create a right of revival in its amendment to ORS 138.510(2). The majority, quoting *Lamb*, 250 Or at 231, states:

> "[t]he time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. *The statute is an offer of an*

*action on condition that it be commenced within the specified time.*" 323 Or at 439 (internal quotation marks omitted; emphasis added by majority).

That specific quote comes from *Richard v. Slate*, 239 Or 164, 396 P2d 900 (1964). In *Richard*, the court was explaining its holding that the time limitation in the *wrongful death statute* affected the right, not just the remedy. In *Lamb*, the court states only that, in "some statutes," the right as well as the remedy is extinguished, without further elaboration.

Neither *Lamb* nor *Richard* supports the majority's position. *Lamb*, citing *Richard*, states that "the statute is an offer of an action on condition that it be commenced *within the specified time.*" 250 Or at 231. The specified time in amended ORS 138.510(2) is two years, within which petitioner filed his petition. Neither *Lamb* nor *Richard* has an application statute similar to the one involved here.

In summary, the text and context of ORS 138.510 are clear. Thus, the court's analysis should stop at the first level under *PGE*. It should be presumed that the legislature was aware of former statutory enactments and chose to adopt amendatory language that is consistent with its intent. Since there is no ambiguity, there is no need to resort to legislative history for further interpretation. In doing so, the majority has omitted what has been inserted and inserted what has been omitted. Uncertainty has been created where none existed.

I respectfully dissent.

Durham, J., joins in this dissenting opinion.