Argued and submitted July 22, 2010, reversed and remanded January 25, petition for review denied May 3, 2012 (352 Or 25)

In the Matter of the Compensation of
Belinda A. Butcher, Claimant.

Belinda A. BUTCHER,
*Petitioner,*

*v.*

SAIF CORPORATION
and La Grande Nursing Center,
*Respondents.*

Workers' Compensation Board
070158M; A139877

270 P3d 385

R. Adian Martin argued the cause and filed the brief for petitioner.

Julene M. Quinn argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.*

WOLLHEIM, J.

---

\* Brewer, C. J., *vice* Rosenblum, S. J.

**WOLLHEIM, J.**

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's "Notice of Closure: Own Motion Claim" failure to pay temporary disability compensation on claimant's accepted new medical condition claim. Claimant obtained acceptance of a new medical condition after her aggravation rights had expired. She applied for temporary disability compensation. Her employer, SAIF's insured, failed to pay temporary disability benefits, and the board ultimately upheld SAIF's refusal. The issue on review is whether the board's own-motion statute, ORS 656.278(1)(b), requires that a claimant receive curative treatment "in lieu of hospitalization"—a phrase that appears in ORS 656.278(1)(a) but not in (1)(b)—in order to receive temporary disability benefits. Claimant argues that ORS 656.278(1)(b) only requires "curative treatment." We agree with claimant and therefore reverse and remand.

The relevant facts are not in dispute. Claimant compensably injured her low back in 1986. Nineteen years later, in 2005, after her aggravation rights had expired, claimant sought treatment from Dr. McQueen, her attending physician, for low back pain. McQueen diagnosed a low-thoracic/upper lumbar strain, prescribed heat, medication, and physical therapy, and released claimant from work from April 27, 2005 through May 24, 2005. On May 24, 2005, McQueen saw claimant and authorized her return to work, noting that her condition had improved. But on June 17, 2005, claimant returned to McQueen, again complaining of increased low back symptoms. McQueen prescribed the same treatment regimen as before and authorized claimant not to work.

Claimant requested that SAIF modify its acceptance of the 1986 claim to include a lumbar sacral strain/sprain as a post-aggravation rights new or omitted medical condition and pay claimant temporary total disability compensation. SAIF ultimately accepted the claim; however, its notice of closure did not award claimant temporary total disability compensation.

Claimant requested board review. In its own-motion order, the board found that claimant had obtained a reopening of her claim for acceptance of a new or omitted medical

condition and that claimant's attending physician had authorized temporary total disability for "other curative treatment" as required by ORS 656.278(1). The board ordered SAIF to pay claimant temporary total disability compensation as authorized by the attending physician. On reconsideration, however, the board changed its order, now agreeing with SAIF's contention that claimant was not entitled to temporary total disability compensation because claimant's "other curative treatment" had not been prescribed "in lieu of hospitalization." The board thus upheld SAIF's notice of closure.

Claimant petitions for judicial review. She notes that, under ORS 656.278(1)(b), which applies when a worker obtains a reopening of a claim for a new or omitted medical condition, the worker is entitled to temporary total disability compensation, for the time authorized by the attending physician, for "curative treatment until the worker's condition becomes medically stationary." Claimant notes further that ORS 656.278(1)(b)—unlike ORS 656.278(1)(a), which applies to the board's own-motion authority in the context of a claim for "worsening"—does not require that the curative treatment be "in lieu of hospitalization." She contends, therefore, that the board erred in concluding that she was not entitled to temporary disability benefits.

SAIF, in turn, contends that the board's interpretation of the statute is correct, because the legislature's reference to "curative treatment" in paragraph (1)(b) necessarily incorporates the requirement in (1)(a) that the curative treatment be "in lieu of hospitalization." Thus, the case presents a question of statutory construction.

We begin by examining the text of ORS 656.278(1)(b) in context. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Context includes other provisions of the statute, applicable case law interpreting those provisions, and prior legislative changes to the statute. *Owens v. Maas*, 323 Or 430, 435-36, 918 P2d 808 (1996).

ORS 656.278(1) describes the board's own-motion authority and provides, in part:

"[T]he power and jurisdiction of the Workers' Compensation Board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a)  There is a worsening of a compensable injury that results in the inability of the worker to work and requires hospitalization or inpatient or outpatient surgery, or other curative treatment prescribed in lieu of hospitalization that is necessary to enable the injured worker to return to work. In such cases, the payment of temporary disability compensation in accordance with ORS 656.210, 656.212(2) and 656.262(4) may be provided from the time the attending physician authorizes temporary disability compensation for the hospitalization, surgery or other curative treatment until the worker's condition becomes medically stationary.

"(b)  The *worker* submits and obtains acceptance of a claim for a compensable new medical condition or an omitted medical condition pursuant to ORS 656.267 and the claim is initiated after the rights under ORS 656.273 have expired. In such cases, the payment of temporary disability compensation in accordance with the provisions of ORS 656.210, 656.212(2) and 656.262(4) may be provided from the time the attending physician authorizes temporary disability compensation for the hospitalization, surgery, or other curative treatment until the worker's condition becomes medically stationary[.]"

(Emphasis added.) The statute describes two circumstances in which the board may exercise its own-motion authority to modify a former award: The first circumstance, paragraph (1)(a), applies to an already accepted claim in which the worker's aggravation rights have expired and the condition has worsened. For example, in this case SAIF accepted a lumbar strain. If claimant's lumbar strain had worsened and the worsening had resulted in disability that required hospitalization, surgery, or curative treatment in lieu of hospitalization to enable claimant to return to work, then ORS 656.278(1)(a) would apply. In that circumstance, the statute provides, the board may award benefits for temporary disability for the time that the worker is disabled as a result of the hospitalization, inpatient or outpatient surgery, or other

curative treatment caused by the worsening of the accepted condition, until the worker becomes medically stationary.

The second circumstance, paragraph (1)(b), applies when, after the claimant's aggravation rights have expired, a medical condition is accepted for the first time. ORS 656.262(6)(d); ORS 656.262(7)(a). For example, in this case, SAIF accepted a "lumbar sacral strain/sprain." As that was a new accepted condition, claimant had not previously been awarded any temporary disability benefits for the lumbar sacral strain/sprain. ORS 656.262(7)(c) required SAIF to reopen the claim for processing the new condition. In such a circumstance, as authorized by the worker's attending physician, the worker is entitled to temporary disability benefits for the time that the worker is disabled due to hospitalization, surgery, or other curative treatment, until the worker becomes medically stationary.

Notably, there is a difference in the scope of the board's authority under each subparagraph. In the context of a worsening of a previously accepted condition, the board's own-motion authority extends only to those claims resulting in disability *and* requiring hospitalization, surgery, or curative treatment in lieu of hospitalization in order to enable the worker to return to work. In the context of a new or omitted medical condition claim, accepted for the first time, the board's authority extends to all claims initiated after the worker's aggravation rights have expired. The board is not limited to considering only new or omitted medical condition claims that result in disability requiring hospitalization, surgery, or "other curative treatment in lieu of hospitalization." Those restrictions on the type of claim that the board may consider under its own-motion authority apply only to claims for worsening of a previously accepted condition and have no place in the consideration of new or omitted medical condition claims.

SAIF contends, nonetheless, that, when the two subsections are read together, it becomes clear that the restrictions that apply to the board's own-motion authority over claims for the worsening of an accepted condition also serve to limit the board's ability to authorize temporary disability benefits in the context of a new or omitted medical condition

claim. In SAIF's view, the "curative treatment" for which a worker may receive temporary disability benefits under paragraph (1)(b) in the context of a new or omitted medical condition claim is limited to "curative treatment prescribed in lieu of hospitalization," as that phrase is used in paragraph (1)(a). In particular, SAIF asserts that the reference to "*the* hospitalization, surgery, or other curative treatment" in paragraph (1)(b) necessarily is a reference back to the phrase used in paragraph (1)(a) and must encompass the requirement that the curative treatment be in lieu of hospitalization. We disagree. The text of the statute simply does not support that reading. Unlike paragraph (1)(a), paragraph (1)(b) does not limit the types of new or omitted medical condition claims that the board may consider on its own motion, other than requiring that the aggravation rights have expired. There is no requirement in paragraph (1)(b) that the curative treatment be in lieu of hospitalization. The worker with an accepted new or omitted condition claim is entitled to temporary disability compensation for disability as authorized by the attending physician for hospitalization, surgery, or other curative treatment. The curative treatment in the context of a new or omitted medical condition claim need not be in lieu of hospitalization, so long as it results in disability.

We reject SAIF's contention that by using the word "the" before "hospitalization, surgery, or other curative treatment," in paragraph (1)(b), the legislature necessarily intended to refer back to the same phrase in paragraph (1)(a). Although that is a plausible reading of the statute, *see Osborn v. PSRB*, 325 Or 135, 142, 934 P2d 391 (1997) (statute's use of the definite article "the" indicated legislative intent to refer to a previous part of the statute) we conclude that in light of the context, it is not the most plausible reading of ORS 656.278(1)(b). If the legislature had intended that paragraph (1)(b) mean exactly the same as paragraph (1)(a), it is likely that the legislature would have used the exact same language. *See Mountain High Homeowners Assn. v. J. L. Ward Co.*, 228 Or App 424, 436, 209 P3d 347 (2009). The limitations that the legislature placed on curative treatment in paragraph (1)(a) circumscribe the board's authority under its own motion to consider a claim for a worsening of a previously accepted condition. As noted, the legislature placed no

similar limitation on the board's authority to consider new or omitted medical condition claims. We conclude that the legislature did not intend to limit the availability of disability for curative treatment to only the curative treatment prescribed in lieu of hospitalization.

Here, the board found that claimant's attending physician authorized claimant to take time off work as curative treatment for her new condition; SAIF does not dispute that finding. Thus, claimant is entitled to temporary disability compensation for the time period authorized by her attending physician.

Reversed and remanded.