Argued and submitted June 14, 2016, reversed and remanded July 19, 2017

John DOE,
*Plaintiff-Appellant,*
*v.*

Samuel Arthur SILVERMAN,
*Defendant,*
*and*

Sandra DIXON,
*Defendant-Respondent.*

Jackson County Circuit Court
14CV10566; A159481

399 P3d 1069

Kristian Roggendorf argued the cause for appellant. With him on the briefs were Roggendorf Law LLC, Thomas N. Petersen, and Black, Chapman, Webber & Stevens.

Tracy M. McGovern argued the cause for respondent. With her on the brief were Alicia M. Wilson and Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C.

Before Tookey, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

## DEHOOG, J.

Plaintiff appeals a judgment dismissing his claims for negligence and intentional infliction of emotional distress (IIED) arising out of sexual abuse that plaintiff suffered at the hands of defendant's husband, Silverman. The trial court granted defendant's motion for summary judgment on those claims after concluding that there were no triable issues of fact as to whether defendant had "knowingly allow[ed], permit[ted] or encourage[ed] child abuse," ORS 12.117(1), and that, without the extended limitations period provided by that statute, plaintiff's action was time barred. Plaintiff raises two assignments of error on appeal. We write only to address plaintiff's first assignment of error, in which he argues that the trial court erred in concluding that he had not raised a fact issue as to whether defendant had acted knowingly within the meaning of ORS 12.117.[1] We conclude that, because the summary judgment record discloses factual disputes regarding that issue, the trial court erred in dismissing plaintiff's claims. Accordingly, we reverse and remand for further proceedings.

Under ORCP 47 C, summary judgment is appropriate when

"the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. * * * The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."

See *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). That standard is met when "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

---

[1] In plaintiff's second assignment of error, he argues that the court erred in concluding that the applicable version of ORS 12.117 was the version in effect in 1996, when Silverman first abused plaintiff, rather than in 2014, when plaintiff filed his lawsuit. As we explain below, we conclude that it is unnecessary to address that issue in light of our decision regarding the first assignment of error.

We review an order granting summary judgment for errors of law. *Ellis v. Ferrellgas, L. P.*, 211 Or App 648, 652, 156 P3d 136 (2007). In conducting our review, we view the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party who, in this case, is plaintiff. *Jones*, 325 Or at 408. We state the facts in accordance with that standard.

In 1996, when plaintiff was a minor, defendant's husband, Silverman, sexually abused him while he was a guest of defendant and Silverman's son in their home. That criminal conduct led to Silverman's conviction and subsequent imprisonment. *See State v. Silverman*, 159 Or App 524, 977 P2d 1186, *rev den*, 329 Or 527 (1999), *cert den*, 531 US 876 (2000).

In 2014, when he was 30 years old, plaintiff sued Silverman and defendant.[2] Plaintiff's claims against defendant alleged negligence and IIED for her role in Silverman's abuse of plaintiff. Specifically, the complaint alleged the following:

> "PLAINTIFF and other boys * * * were invited to the property by [defendant and Silverman] and their son for social occasions and sleep overs. * * *
>
> "* * * * *
>
> "* * * DEFENDANT * * * was a practicing child psychiatrist. * * * [Defendant and Silverman] had knowledge about how pedophiles commit child sexual abuse by grooming, molesting, and otherwise manipulating youngsters such as PLAINTIFF to comply with pedophiles' demands for sexual favors, how children are harmed by pedophilia, and how pedophiles coerce and/or convince victims not to tell anyone about the abuse.
>
> "* * * * *
>
> "* * * *[Defendant] was aware that SILVERMAN was a predatory pedophile who had molested minor children in the past and who was doing so at the property and also*

---

[2] The complaint in this case named Silverman and defendant as codefendants. Plaintiff has separately appealed the dismissal of his claims against Silverman. That appeal is currently pending before us, but has not been consolidated with the present case. *See John Doe v. Samuel Arthur Silverman* (A158501).

*during his working hours. One of those child victims was
PLAINTIFF who was repeatedly molested by SILVERMAN*
at the property. PLAINTIFF alleges that [defendant] and
SILVERMAN each played an active role in convincing boys
like PLAINTIFF that the property was a safe place to play
free from the dangers of pedophilia that [Silverman and
defendant] posed to PLAINTIFF and others. * * *

"* * * * *

"* * * [Defendant and Silverman] invited PLAINTIFF
to come to the property to play or sleep over. During these
visits by PLAINTIFF [defendant and Silverman], and each
of them, were aware that SILVERMAN posed an unrea-
sonable danger and foreseeable risk of harm to plaintiff.
[Defendant and Silverman], and each of them, manipulated
PLAINTIFF's visits to the property so that SILVERMAN
had one-on-one time with PLAINTIFF. * * * *[Defendant]
assisted SILVERMAN in his abuse of PLAINTIFF by help-
ing SILVERMAN arrange for boys such as PLAINTIFF to
come play and stay over night at the property knowing that
SILVERMAN would have alone time [and] would probably
molest boys, including PLAINTIFF.* Further, [defendant]
aided and abetted SILVERMAN's molestation of boys by
*not reporting his child abuse of said boys she was aware
of* or had reasonable suspicious to be aware of by reason
of her education and training [as a child psychiatrist] and
her knowledge of SILVERMAN's sexual predilections for
minor children."

(Capitalization in original; emphases added.)

Defendant and Silverman each moved separately
for summary judgment and asserted that plaintiff's action
was time barred. In her motion, defendant contended that
the applicable statute of limitations was ORS 12.110(1),
which typically applies to negligence and IIED claims, and
that, under that statute, plaintiff's claims against her were
untimely.[3] Defendant further argued that, for two reasons,

---

[3] In relevant part, ORS 12.110(1) provides that "[a]n action for assault, bat-
tery, false imprisonment, or for any injury to the person or rights of another,
not arising on contract, and not especially enumerated in this chapter, shall be
commenced within two years[.]" Although ORS 12.110(1) does not specifically list
the torts of negligence and IIED, it applies to such actions. *See Gaspar v. Village
Missions*, 154 Or App 286, 288-89, 961 P2d 286 (1998). Plaintiff did not contend
that his claims against defendant were timely under ORS 12.110(1).

ORS 12.117, which extends the statute of limitations in cases involving "knowingly allowing, permitting, or encouraging child abuse," could not save plaintiff's claims. First, according to defendant, under ORS 12.117 (1995), *amended by* Or Laws 2009, ch 879, § 1; Or Laws 2011, ch 151, § 4; Or Laws 2015, ch 98, § 2,[4] the version of the statute in effect when plaintiff's claims arose, plaintiff was required to file his claims before reaching the age of 24 years; thus, his claims were time barred even if ORS 12.117 applied to his case. *See* ORS 12.117 (1995) (extending the time to bring suit for certain actions to "six years after [the] person attains 18 years of age"). Second, defendant argued, ORS 12.117 did *not* apply. That, defendant contended, was because, under our decision in *Lourim v. Swensen*, 147 Or App 425, 444, 936 P2d 1011 (1997) (*Lourim I*), *aff'd in part and rev'd in part*, 328 Or 380, 977 P2d 1157 (1999) (*Lourim II*), the extended statute of limitations in ORS 12.117 could not apply unless plaintiff alleged that defendant had actual, and not merely constructive, knowledge of child abuse. According to defendant, the complaint only alleged that she had knowledge of a risk of harm; it did not allege that she had actual knowledge that Silverman was abusing plaintiff. Because, in defendant's view, that showed that plaintiff had failed to raise a triable issue of fact as to whether she had acted knowingly with regard to actual abuse, she was entitled to summary judgment.

In response to defendant's motion, plaintiff first asserted that he had alleged sufficient knowledge by defendant to raise an issue of fact as to whether her conduct fell under ORS 12.117. Plaintiff further argued that the version

---

[4] ORS 12.117(1) (1995) provides:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is under 18 years of age shall be commenced not more than six years after that person attains 18 years of age, or if the injured person has not discovered the injury or the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the injury or the causal connection between the injury and the child abuse, not more than three years from the date the injured person discovers or in the exercise of reasonable care should have discovered the injury or the causal connection between the child abuse and the injury, whichever period is longer."

of ORS 12.117 in effect when plaintiff filed his suit in 2014[5] applied to his action and that, under that version of the statute, his claims were timely, because it allowed him to bring his claims anytime before reaching 40 years of age. Plaintiff alternatively contended that, because he had only recently discovered defendant's role in his abuse and the earlier version of ORS 12.117 provided for a three-year discovery period, his claims remained timely even if that version of the statute applied. *See* ORS 12.117 (1995) (providing that, "if the injured person has not discovered the injury or the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the injury or the causal connection between the injury and the child abuse," that person may bring suit "not more than three years from the date the injured person discovers or in the exercise of reasonable care should have discovered the injury or the causal connection between the child abuse and the injury, whichever period is longer").

Plaintiff also submitted two declarations in response to defendant's summary judgment motion. In the first declaration, plaintiff's mother described a conversation that had occurred after she learned of her son's abuse, in which she had

> "asked [defendant] about why Mr. Silverman had molested my son. [Defendant] told me that it was because Mr. Silverman suffered long standing mental illness regarding molesting children because he had been molested as a child. [Defendant] also told me that her husband could not help himself and promised me that he would never do this again. * * * I asked [defendant] why she stayed married to Mr. Silverman given his crimes against children, and

---

[5] ORS 12.117(1) (2013) provides:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age *must be commenced before the person attains 40 years of age*, or if the person has not discovered the causal connection between the injury and the child abuse, nor in the exercise of reasonable care should have discovered the causal connection between the injury and the child abuse, not more than five years from the date the person discovers or in the exercise of reasonable care should have discovered the causal connection between the child abuse and the injury, whichever period is longer."

(Emphasis added.)

she told me that she had stayed with him over the years because he had stood by her during a difficult time * * *."

The second declaration was from plaintiff himself. In it, plaintiff asserted:

"I * * * remember being abused by Mr. Silverman in his bedroom, sleeping in his bed, and Defendant * * * watching me come out of Mr. Silverman's bedroom in the morning. I remember *that as her husband continued to abuse me, [defendant] began to treat me differently* than other boys who visited her home. She avoided me as if I was not present while she acknowledged other boys' presence, boys who frequently stayed overnight at [defendant and Silverman's] home."

(Emphasis added.)

At the hearing on defendant's and Silverman's summary judgment motions, the parties focused their arguments on which version of ORS 12.117 applied to plaintiff's action. Following the hearing, the trial court concluded that "the appropriate statute of limitations to apply to plaintiff's claims [was] ORS 12.117 as * * * in effect in 1996." Based on that conclusion, the court granted Silverman's motion, reasoning that "plaintiff was aware of the abuse and [Silverman's] identity as the culpable party no later than * * * 1996," and that his claim therefore expired no later than 2008, when he reached 24 years of age.[6] With regard to plaintiff's claims against defendant, however, the court continued summary judgment proceedings for 90 days to give plaintiff an opportunity to conduct further discovery. In the court's view, plaintiff's case against defendant could proceed as timely if plaintiff could establish that his claims fell within ORS 12.117's extended filing window. *See* ORS 12.117(1) (1995) (providing a three-year discovery period).

Following that continuance, however, the court concluded that defendant was likewise entitled to summary judgment, because plaintiff's claims against defendant were time barred for reasons unrelated to the discovery issue. Specifically, the court ruled:

---

[6] In accordance with that order, the court entered a limited judgment dismissing plaintiff's claims against Silverman.

"To avoid summary judgment on the statute of limitations issue, plaintiff was forced to rely on the extended statute of limitations in ORS 12.117. However, with regard to the claim[s] against defendant * * *, plaintiff could only take advantage of the extended statute of limitations in ORS 12.117, if there was an issue about whether defendant * * * could be held responsible for 'knowingly * * * allowing, permitting, or encouraging child abuse.' The Complaint contains no allegation that defendant * * * had actual knowledge of plaintiff's abuse. Moreover, the documents submitted in opposition to the Motion for Summary Judgment contain no evidence of defendant['s] actual knowledge at the time of the abuse. Although plaintiff's declaration may create a factual dispute about whether defendant * * * should have known of plaintiff's abuse, the declaration falls short of being admissible to demonstrate actual knowledge. As the record is devoid of any evidence of actual knowledge of the abuse at the time of the abuse by co-defendant and the Complaint fails to allege defendant['s] knowledge, the court will grant defendant['s] Motion for Summary Judgment."

Accordingly, the court entered a general judgment dismissing plaintiff's remaining claims. This appeal followed.

As noted, plaintiff raises two assignments of error on appeal. In his first assignment of error, plaintiff argues that the trial court erred in granting summary judgment on the grounds that there were no issues of fact regarding defendant's knowledge that Silverman was sexually abusing plaintiff and that plaintiff, therefore, could not establish that the extended statute of limitations in ORS 12.117 applied.[7] According to plaintiff, the facts set forth in his declaration—most notably, his description of defendant seeing him leave Silverman's bedroom in the early morning and changing her behavior towards him as a result—would support the inference that defendant knew about Silverman's ongoing

---

[7] We note that the question of which version of ORS 12.117 applied to plaintiff's action is immaterial to this assignment of error, because, under either version of the statute, a plaintiff must allege conduct that "knowingly allow[s], encourage[s], or permit[s] child abuse." Because that renders it unnecessary to decide which version of the statute applies to defendant's conduct before addressing plaintiff's first assignment of error, and because, as we discuss below, we do not reach plaintiff's second assignment of error, we express no opinion as to which version of ORS 12.117 governs plaintiff's action.

abuse of plaintiff. Plaintiff alternatively argues that, even if he did not raise any triable fact questions regarding defendant's knowledge that Silverman was abusing *him*, there was an issue of fact regarding defendant's knowledge of the risk of harm that Silverman posed generally. In support of that alternative argument, plaintiff relies on our decision in *Lourim I*, 147 Or App 425, and contends that, in light of that case, the "knowingly" standard under ORS 12.117 encompasses both knowledge of actual abuse and knowledge of a risk of harm.

Defendant disputes plaintiff's reading of *Lourim I* and argues that, under that decision, ORS 12.117 applies only in cases involving knowledge of actual abuse, not merely knowledge of risk. We conclude, however, that it is unnecessary to resolve that dispute. That is because, as we explain below, we agree with plaintiff's first argument, that the declarations on file support the inference that defendant knew about plaintiff's abuse as it was occurring. Because plaintiff's submissions raised that triable issue of fact, the trial court erred in granting defendant summary judgment.

As an initial matter, the trial court mistakenly observed that the complaint "contain[ed] no allegation that defendant * * * had actual knowledge of plaintiff's abuse." In fact, the complaint specifically alleged that defendant

> "*was aware* that SILVERMAN was a predatory pedophile *who had molested minor children* in the past *and who was doing so* at the property and also during his working hours. *One of those child victims was PLAINTIFF who was repeatedly molested* by SILVERMAN at the property."

(Capitalization in original; emphases added.) The complaint further alleged that defendant "aided and abetted SILVERMAN's molestation of boys by not reporting his child abuse of said boys *she was aware of.*" (Capitalization in original; emphasis added.) Thus, while the complaint did not use the words "actual knowledge," a fair reading of the complaint—and especially the portions of it emphasized above—readily conveys an allegation that defendant was aware, at the time of plaintiff's abuse, that Silverman was abusing him. In other words, the complaint alleged that defendant actually knew that plaintiff was being abused.

Of course, under ORCP 47, a plaintiff may not rest on the allegations of the complaint. But plaintiff did not do that here. Instead, as contemplated by ORCP 47 C, plaintiff satisfied his burden of producing evidence in response to defendant's summary judgment motion by submitting declarations "set[ting] forth specific facts showing that there [was] a genuine issue as to [the] material fact" of defendant's knowledge. ORCP 47 D (standards for affidavits and declarations in summary judgment proceedings).[8]

First, plaintiff's own declaration described defendant watching him emerge from Silverman's separate bedroom in the morning. After that, or, in the words of plaintiff's declaration, "as [defendant's] husband *continued* to abuse me," defendant's attitude towards plaintiff changed: she "began to treat me differently * * *. She avoided me as if I was not present while she acknowledged other boys' presence[.]" (Emphasis added.) Properly viewed in favor of plaintiff, the nonmoving party, those facts alone arguably support the inference that defendant knew that her husband was abusing plaintiff. *See Jones*, 325 Or at 408 (on summary judgment, the facts and the inferences they support are viewed in the light most favorable to the nonmoving party); *see also State v. Rose*, 311 Or 274, 282, 810 P2d 839 (1991) (a person's mental state is "rarely, if ever, proven by direct evidence").

It is not necessary, however, to view plaintiff's declaration alone, because plaintiff also submitted his mother's declaration, which lends further support to the inference that defendant had actual knowledge of plaintiff's abuse. In her declaration, plaintiff's mother explained that defendant had told her that Silverman had suffered from a long-standing mental illness that led him to sexually abuse children, and that "she had stayed with him over the years" despite knowing about that behavior. Although that declaration does not expressly state *when* defendant became

---

[8] Plaintiff does not dispute that, because he sought to rely on the extended statute of limitations under ORS 12.117, he bore the burden of producing evidence at the summary judgment stage to support his reliance on that provision. *See* ORCP 47 C (in summary judgment proceedings, the adverse party has the burden of producing evidence on any issue as to which that party would bear the burden of persuasion at trial).

aware of her husband's behavior, it nonetheless supports the inference that, when defendant saw plaintiff leave her husband's bedroom and subsequently treated him differently from her son's other friends, it was because defendant knew that Silverman was abusing plaintiff.

Thus, we conclude that the summary judgment record supports the inference that defendant had actual knowledge of plaintiff's abuse as it was occurring. Accordingly, plaintiff raised a genuine issue of fact on that point, and the trial court erred in concluding otherwise. Furthermore, because we conclude that plaintiff raised a question of fact regarding defendant's *actual* knowledge of his abuse, we need not decide whether, under *Lourim I*, 147 Or App 425, it would have been sufficient had plaintiff merely established that defendant was aware that Silverman presented a risk of harm. Finally, because our decision regarding plaintiff's first assignment of error requires us to reverse the judgment, it is unnecessary to address the second assignment of error.

Reversed and remanded.