Argued and submitted March 8, 2016, reversed and remanded August 16, 2017, petition for review denied January 18, 2018 (362 Or 389)

John DOE,
*Plaintiff-Appellant,*

*v.*

Samuel Arthur SILVERMAN,
*Defendant-Respondent,*

*and*

Sandra DIXON,
*Defendant.*

Jackson County Circuit Court
14CV10566; A158501

401 P3d 793

Kristian Roggendorf argued the cause for appellant. With him on the briefs were Roggendorf Law LLC; Thomas N. Petersen, and Black, Chapman, Webber & Stevens, Attorneys at Law.

Jesse Wm. Barton argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**ARMSTRONG, P. J.**

Plaintiff appeals a limited judgment dismissing his claims for negligence, sexual battery, and intentional infliction of severe emotional distress that he brought against defendant Silverman.[1] Plaintiff brought those claims when he was 30 years old based on Silverman's sexual abuse of plaintiff when plaintiff was a minor. The trial court granted defendant summary judgment based on its conclusion that it should apply the 1993 version of ORS 12.117—the version in effect when Silverman abused plaintiff—which provided that claims based on child abuse "shall be commenced not more than six years after that person attains 18 years of age." On appeal, plaintiff contends that the trial court erred in dismissing his complaint because the court should have applied the current version of ORS 12.117—the version in effect when plaintiff filed his lawsuit—which provides that such an action "must be commenced before the person attains 40 years of age."[2] We conclude that the trial court did so err and, accordingly, reverse and remand.

While a minor, plaintiff was good friends with defendant's son. In 1996, defendant sexually abused plaintiff on several occasions while plaintiff was a guest in defendant's home and at least once in plaintiff's home. In 1997, defendant was convicted of committing first-degree sexual abuse against plaintiff. *See State v. Silverman*, 159 Or App 524, 977 P2d 1186, *rev den*, 329 Or 527 (1999), *cert den*, 531 US 876 (2000).

In 2014, when plaintiff was 30 years old, plaintiff brought this complaint against defendant and defendant's wife, Dixon. Plaintiff alleged claims against defendant for negligence, sexual battery, and intentional infliction of severe emotional distress. Defendant moved for summary judgment on the ground that plaintiff's complaint was time barred under the 1993 version of ORS 12.117, which required

---

[1] Plaintiff also brought claims against defendant's wife, Dixon. Plaintiff separately appealed the later dismissal of his claims against Dixon. *See Doe v. Silverman*, 286 Or App 813, 399 P3d 1069 (2017).

[2] Plaintiff filed his lawsuit in 2014. The legislature subsequently amended ORS 12.117 in 2015. However, the amendment did not amend the subsection of the statute that is at issue in this case. Thus, unless otherwise indicated, references to ORS 12.117 in this opinion are to the current version of the statute.

plaintiff to commence his action no later than when he became 24 years old. Plaintiff argued that the current version of the statute applied, which permits him to commence his action anytime before he becomes 40 years old.

The trial court granted defendant's motion. In its order, the court concluded that

"the appropriate statute of limitations to apply to plaintiff's claims [is] ORS 12.117 as amended in 1993. This was the version of the statute in effect in 1996. The court determines that as to the claim against defendant Silverman, plaintiff was aware of the abuse and the defendant's identity as the culpable party no later than when he disclosed the same to his mother in 1996. Under the version of ORS 12.117 in effect in 1996, plaintiff's claim expired when he turned 24 in 2007 or 2008. Plaintiff's claim against defendant Silverman is barred by the statute of limitations, and defendant Silverman is entitled to summary judgment."

The court then entered a limited judgment dismissing plaintiff's claims against defendant with prejudice.

Plaintiff appeals the limited judgment. He argues that the plain text and legislative history of the 2009 amendment to ORS 12.117—which expanded the time to file a claim—demonstrates that the current version of ORS 12.117 applies to his claims against defendant and, hence, that the trial court erred in dismissing his claims as time barred. We thus proceed to discern the legislature's intention in enacting the 2009 amendment to ORS 12.117. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (in construing statutes, we seek to determine the legislature's intentions by considering the text of the statute in context, along with any legislative history that is useful to our analysis).

Before the 2009 amendment, ORS 12.117(1) (1993) provided, in part:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is under 18 years of age *shall be commenced not*

*more than six years after that person attains 18 years of age* \* \* \*."

(Emphasis added.)

After the 2009 amendment, ORS 12.117(1) provides, in part:

"Notwithstanding ORS 12.110, 12.115 or 12.160, an action based on conduct that constitutes child 'abuse or conduct knowingly allowing, permitting or encouraging child abuse that occurs while the person is under 18 years of age *must be commenced before the person attains 40 years of age* \* \* \*."

(Emphasis added.) The 2009 enacting legislation also provided:

"(1)   Except as provided in subsection (2) of this section, the amendments to ORS 12.117 by section 1 of this 2009 Act apply to all causes of action, whether arising before, on or after the effective date of this 2009 Act.

"(2)   The amendments to ORS 12.117 by section 1 of this 2009 Act do not apply to any cause of action for which judgment was entered before the effective date of this 2009 Act."

Or Laws 2009, ch 879, § 2; *see Weldon v. Bd. of Lic. Pro. Counselors and Therapists*, 353 Or 85, 95, 293 P3d 1023 (2012) ("The context of a statute includes all provisions contained in the session law, including parts of the session law not codified as part of the statute being interpreted.").

The plain text of the enacting legislation confirms that the legislature intended that the new statute of limitation for actions based on child abuse apply to *all* causes of action, no matter when the cause of action arose. The only exception that the legislature provided to that broad, retroactive application of the act was for causes of action "for which judgment was entered before the effective date of this 2009 Act." Based on that plain text, the 2009 amendment to ORS 12.117 applied to plaintiff's claims because he had not previously litigated them to judgment. Nothing in the legislative history of the 2009 amendment suggests that that was not the legislature's intention; to the contrary, the legislative history supports that understanding. *See, e.g.*, Audio Recording, House Committee on Judiciary, HB 2827,

Mar 19, 2009, at 50:15 (comments of Rep Andy Olson), https://olis.leg.state.or.us (accessed July 7, 2017) (discussing that the bill would help victims who did not "connect the dots" between abuse they suffered as children and injury they experienced as adults until later in life); Audio Recording, Senate Committee on Judiciary, HB 2827, May 28, 2009, at 1:28:44 (comments of Kelly Clark), https://olis.leg.state.or.us (accessed July 7, 2017) (same); *id.* at 1:48:11 (comments of Erin Olson) (passage of the bill would help her 39-year-old client who had suffered abuse as a minor); *id.* at 1:59:08 (comments of Letty Merritt) (the bill will determine whether 39-year-old client could seek civil justice for abuse she endured as a minor); *id.* at 2:10:47 (comments on behalf of the Church of Jesus Christ of Latter-Day Saints) (observing that the bill was retroactive and requesting that the retroactivity provision be removed).

Despite that clear directive from the legislature, the trial court accepted defendant's argument below, which defendant repeats on appeal, that plaintiff could not rely on the 2009 amendment to ORS 12.117 because his cause of action had expired in 2007 or 2008, when plaintiff turned 24 years old. Defendant asserts that the legislature cannot "revive" expired causes of action unless there is express "revival" language included in the statutory enactment, which is absent here. Defendant primarily relies on *Owens v. Maass*, 323 Or 430, 918 P2d 808 (1996), for his argument, as well as two cases dating from 1855 and 1908.

We reject defendant's argument. At issue in *Owens* was whether a legislative amendment that expanded the time to bring a statutory petition for post-conviction relief applied to the petitioner's petition, which was otherwise time barred. In discerning the legislature's intention, the Supreme Court observed, as part of the context of the statute, that, "[g]enerally, the ability to exercise a statutory right, such as the right to file for post-conviction relief, is *extinguished* if the statute creating the right also places a time limitation upon the ability to exercise that right *and* if the right was *not* exercised within that specified time frame." *Owens*, 323 Or at 439 (emphases in original). Because the statute did not expressly provide for retroactive application of the amendment to extinguished rights, such

that they would be revived—*viz.*, it did not expressly identify the petitions to which it applied based on when the right to petition accrued—the court concluded that the statute could be construed both in favor of and against the application of the expanded time frame to the petitioner's petition, that is, that the statute was ambiguous as to its application. *Id.* at 440-42. Thus, the court proceeded to review the legislative history of the statute, which led it to conclude that the legislature did not intend the expanded time frame to apply to the petitioner's otherwise extinguished statutory right. *Id.* at 444-46.[3]

The reasoning in *Owens* does not apply here for at least two reasons. First, plaintiff's causes of action against defendant were not "extinguished," as discussed in *Owens*, when he turned 24 years old. Rather, his causes of action became subject to the procedural time bar in ORS 12.117 (1993), which defendant could raise as an affirmative defense. A procedural time bar to a common-law claim does not "extinguish" the claim, such that it cannot be brought— which distinguishes common-law claims from the statutory claim in *Owens*—because the procedural time bar is waived if it is not affirmatively raised by the defendant in a motion to dismiss or a responsive pleading. *See* ORCP 21 G(2). Thus, the substantive rule of law identified in *Owens* that the court declared was part of the statute's context does not apply in this case. *See Owens*, 323 Or at 440 n 7. Second, unlike in *Owens*, the 2009 amendment *does* contain an expression of the legislature's intention to apply the expanded time frame to claims that would otherwise have been procedurally time barred—*viz.*, it applies to all causes of action based on when the cause of action arose. That expressed intention is also supported by the legislative history, in contrast to the circumstances in *Owens*. Thus, *Owens* does not guide us in construing the statute at issue here.

---

[3] The Supreme Court decided *Owens* under the interpretive methodology outlined in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under that scheme, the court could consult the legislative history—*viz.*, a legislative history that demonstrated that the legislature did not intend the statutory amendment to apply to post-conviction claims like the petitioner's—only if it first found an ambiguity in the text of the statute. *See id.* at 611-12. We are not so constrained in this case. *See Gaines*, 346 Or at 171-72 (at the first level of statutory interpretation, we consider the text in context, as well as any legislative history that is useful to our analysis).

Ultimately, we reject defendant's assertion that the legislature was required to use some sort of magic words of revival for the 2009 amendment to apply retroactively to otherwise time-barred claims. Our task in construing statutes is solely to determine what the legislature intended. Here, what the legislature intended is abundantly clear from the enacting legislation, and is supported by the legislative history—that is, the legislature intended that the new statute of limitation would apply to all applicable causes of action, no matter when they arose, except those for which judgment already had been entered. We will not presume to negate that expressed intention by applying an archaic notion that magic words of revival had to be used here—a notion that has no basis in our modern jurisprudence on statutory construction. *See, e.g., Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 183 n 4, 339 P3d 428 (2014) ("[T]axpayers contend that there is a presumption that statutes apply prospectively. That is not an accurate statement of current law. As more recent cases make clear, the controlling question is one of legislative intent, determined not by the invocation of presumptions but by the usual rules of statutory construction.").

Accordingly, we conclude that the current version of ORS 12.117(1) applies to any applicable cause of action for which judgment has not been entered before the effective date of the 2009 amendment, which includes plaintiff's claims against defendant.

Reversed and remanded.