Argued and submitted September 26, affirmed November 29, 1995

UNITED TELEPHONE EMPLOYEES PAC
and Melvin Heuberger,
*Petitioners,*

*v.*

SECRETARY OF STATE,
*Respondent.*

(000271; CA A85279)

906 P2d 306

136

Claudia Burke argued the cause for petitioners. With her on the brief were Jerry J. Jaques and Jaques, Sharp, Sherrerd & Burke.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Petitioners seek review of a final order of the Secretary of State (secretary) in which the secretary found that petitioners had violated election reporting requirements and imposed civil penalties totaling $17,850. ORS 260.083; ORS 260.232. We affirm.

Petitioners are a political action committee (PAC) and its treasurer. They contribute money to Oregon and Washington political candidates and are required to file a statement of contributions and expenditures with the Elections Division of the Secretary of State. ORS 260.044 *et seq.* Petitioners filed two pre-election statements of contributions and expenditures for the 1992 general election; those statements failed to report contributions to Washington candidates as required by ORS 260.083. In September 1993, the secretary notified petitioners that there were discrepancies in their reports and the next month petitioners filed the appropriate amendments to their reports to include the contributions to Washington candidates. The Elections Division then proposed that the secretary impose penalties totaling $17,850 for petitioners' failure to report contributions to out-of-state candidates in the first and second pre-election statements of contributions and earnings for the 1992 general election. Petitioners requested a hearing before the secretary pursuant to OAR 165-12-005 (1992).

At the hearing, petitioners conceded that ORS 260.083(1)[1] requires them to report contributions made to out-of-state candidates and that they failed to timely report all expenditures to the Elections Division. However, they argued that they did not intentionally violate ORS 260.083 and that ORS 260.232 requires the secretary to find an intentional or wilful violation before he may impose a penalty.

---

[1] ORS 260.083(1) provides, in part:

"A statement filed under ORS 260.058, 260.063, 260.068 or 260.073 shall list:

"* * * * *

"(c)  Separately, all contributions made by the candidate or political committee to any other candidate or political committee."

In the alternative, they argued that their unintentional violation was a mitigating circumstance and that the amount of the penalty therefore should be reduced.

The hearings officer found that petitioners had violated ORS 260.083 by failing to report expenditures of $7,850 in their first pre-election report and expenditures of $17,600 in their second pre-election report. He also found that petitioners' failure to report the Washington contributions was unintentional and that those contributions were reported in Washington. He recommended that the secretary impose penalties totaling $17,850. The secretary's final order adopted the hearings officer's findings and declined petitioners' request to reduce the penalty.

Petitioners' first argument on review is that under ORS 260.232, the secretary has discretion to waive a penalty for violations of ORS 260.083, that the legislature intended that the secretary would impose civil penalties only when violations are intentional and that, because their violations were unintentional, the secretary should have exercised his discretion to waive the penalties in this case. We review for abuse of discretion. ORS 183.482(8)(b).

ORS 260.232 provides, in part:

"(1)   The Secretary of State may impose a civil penalty as provided in this section, in addition to any other penalty that may be imposed, for:

"(a)   Failure to file a statement or certificate required to be filed under * * * ORS 260.083 * * *."

Pursuant to that statutory authority, the secretary adopted, by rule, a uniform penalty schedule that was published in the *1992 Campaign Finance Manual*. OAR 165-12-005 (1992). Under that rule, if petitioners had submitted corrected statements of contributions and expenditures within 15 days after the 10-day period for the secretary's review of the statements, the secretary would have waived the penalty. Thereafter, however, the amount of the penalty increased daily, reaching the maximum penalty within 180 days. Petitioners' corrected report was submitted nearly a year after the filing deadline, and the secretary therefore imposed the maximum penalty allowed under the rule and the statute.

■    At the hearing in this case, Representative Roberts, chair of the legislative committee that drafted the elections reporting law, testified that the legislature did not intend to penalize treasurers and PACs that did not wilfully or intentionally violate ORS 260.083. Petitioners contend that Representative Roberts' testimony should govern our interpretation of the statute. We disagree. Subsequent statements by legislators are not probative of the intent of statutes already in effect. *Fred Meyer v. Bureau of Labor*, 39 Or App 253, 262, 592 P2d 564, *rev den* 287 Or 129 (1979). Furthermore, Representative Roberts' testimony is contrary to the plain language of the statute.

■    ORS 260.232 authorizes the secretary to impose a civil penalty for failure to file a statement or certificate required under ORS 260.083. The statute does not contain a requirement that violators possess a culpable mental state in order to be subject to civil penalties. We reject petitioners' invitation to insert into the statute a requirement that it does not contain. ORS 174.010. The secretary did not abuse his discretion in refusing to waive the imposition of penalties for petitioners' violation of ORS 260.083(1).

Nonetheless, petitioners contend, the secretary exceeded his authority in promulgating that portion of OAR 165-12-005 (1992) that defined mitigating circumstances under ORS 260.232(8), because that rule is unduly restrictive and impermissibly limits the mitigating circumstances that the secretary may take into account in deciding whether to reduce the amount of a penalty. They contend that, because the legislature did not intend to penalize errors in reporting that were not wilful or intentional, unintentional errors should be included as mitigating circumstances for purposes of determining whether a penalty should be reduced.

■■    We may invalidate a rule only if we find that the rule violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with applicable rulemaking procedures. ORS 183.400(4). A rule promulgated under a statute is valid if it is within the range of discretion allowed by the general policies declared in the statute. ORS 183.400(4)(b); *see also Planned Parenthood Assn. v. Dept. Human Res.*, 297 Or 562, 574, 687 P2d 785 (1984).

ORS 260.232(8) provides:

> "The Secretary of State, upon a showing of mitigating circumstances, *may* reduce the amount of the penalty described in subsection (7) of this section." (Emphasis supplied.)

The statute does not define "mitigating circumstances." However, OAR 165-12-005 (1992) provided, in part:

> "The Secretary of State may consider mitigating circumstances to further reduce the amount of the civil penalty, if a hearing is requested and testimony provided regarding the mitigating circumstances. However, the only mitigating circumstances which will be considered are:

> "A valid personal emergency (such as a personal illness or death in the immediate family) which caused a report to be filed late.

> "An error by the elections filing officer which contributes to the lateness of the filing."

The legislature has designated the secretary as the state's chief election officer and has given the secretary the responsibility to "obtain and maintain uniformity in the application, operation and interpretation of the election laws." ORS 246.110. It vested the secretary with the broad authority to promulgate rules that the secretary

> "considers necessary to facilitate and assist in achieving and maintaining a maximum degree of correctness, impartiality and efficiency in administration of the election laws." ORS 246.150.

Implicit in that language is the legislature's intent that PACs and their treasurers make accurate and timely reports of their financial activities.

■ ■ The secretary's authority includes the decision whether to impose a civil penalty for violations of ORS 260.083, the determination of what constitutes mitigating circumstances and the discretion to decide whether to reduce the amount of a penalty if mitigating circumstances are shown. The secretary did not exceed his authority in promulgating that portion of OAR 165-12-005 (1992) that narrowly defined mitigating circumstances in determining the amount of penalties for violations of ORS 260.083.

Finally, petitioners contend that an "innocent mistake and prompt correction of the mistake upon its discovery constitute mitigating circumstances which justify a reduction in civil penalties." As we have already explained, that argument is without merit. Neither ORS 260.083 nor ORS 260.232 requires any culpable mental state and the secretary did not include one in his definition of "mitigating circumstances." Again, we decline petitioners' request to read into the statute what the legislature omitted. ORS 174.010.

Affirmed.