IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

KELLY HOUSTON,                     )
                                     )
        Plaintiff,              )    TC-MD 170400N
                                     )
        v.                     )
                                     )
DEPARTMENT OF REVENUE,    )
State of Oregon,                )
                                     )
        Defendant.       )    **FINAL DECISION**[1]

Plaintiff appeals Defendant's Written Objection Determination and Notice of Refund Denial dated September 25, 2017, for the 2016 tax year. A case management conference was held on March 8, 2018, during which the parties agreed that the sole issue in this case is a legal question concerning whether Plaintiff, as an unmarried taxpayer, may claim a Working Family Household and Dependent Care credit (WFHDC) based on child care expenses she incurred while attending school full time. During the case management conference, the parties agreed to a briefing schedule concluding on April 9, 2018, after which the court would take the matter under advisement. Defendant filed its Motion for Summary Judgment on March 16, 2018. Plaintiff failed to file a response.[2] Defendant did not file a reply. This matter is now ready for decision.

/ / /

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered May 2, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Plaintiff sent a response to the court, but the court could not file it without proof of service upon Defendant. *See* Tax Court Rule-Magistrate Division (TCR-MD) 5 (requiring a party to provide to all other parties a copy of every writing sent to the court).

## I.  STATEMENT OF FACTS

For the 2016 tax year, Plaintiff claimed a WFHDC of $5,075 based on $8,750 in total expenses.  (Def's Answer at 1.)  Defendant determined that Plaintiff's 2016 childcare expenses totaled $9,084 and allowed Plaintiff a partial WFHDC in the amount of $1,508, corresponding to the part of 2016 that Plaintiff worked full time (August to December 2016).  (*See id.*)  Defendant disallowed the remainder of the credit based on the part of 2016 that Plaintiff was a full-time student (January to June 2016).  (*See id.*)  In Defendant's view, Plaintiff is permitted to claim the WFHDC only for time that she was working or looking for work, *not* for time that she was attending school.  (*See id.*; Def's Mot at 2.)  Defendant acknowledges that married taxpayers who file jointly may claim the WFHDC when one spouse is working or looking for work and the other spouse is a full-time student.  (Def's Mot at 2.)

## II.  ANALYSIS

The issue presented is whether Plaintiff is entitled to claim a credit under ORS 315.264[3] for the 2016 tax year based on child care expenses she incurred while attending school.  The court will grant a motion for summary judgment "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C.

A.      *Statutory Framework*

ORS 315.264(1)(a) provides a credit against tax otherwise due under ORS chapter 316 "in an amount equal to a percentage of employment-related expenses of a type allowable as a credit pursuant to section 21 of the Internal Revenue Code * * *."  The employment-related expenses for which a credit may be claimed are limited to $12,000 for one "qualifying

---

[3] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2015.

individual" or $24,000 for two or more "qualifying individuals."[4] ORS 315.264(1)(b). The credit depends on the taxpayer's federal adjusted gross income (AGI) and the age of the youngest child. ORS 315.264(2).

Internal Revenue Code (IRC) section 21 defines "employment-related expenses" as expenses "for the care of a qualifying individual" "incurred to enable the taxpayer to be gainfully employed for any period for which there are 1 or more qualifying individuals with respect to the taxpayer."[5] IRC § 21(b)(2). Expenses for care "during periods in which the taxpayer * * * is in active search of gainful employment" are also considered "employment-related expenses." Treas Reg § 1.21-1(c). IRC section 21 makes an allowance for a taxpayer whose spouse is either a full-time student or incapable of caring for himself or herself by treating that spouse as having a specified amount of monthly earned income.[6] IRC § 21(d)(2).

---

[4] "Qualifying individuals" are certain dependents of the taxpayer or, in some cases, the taxpayer's spouse. *See* IRC § 21(b)(1).

[5] IRC section 21(b)(2) provides, in relevant part:

"The term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed for any period for which there are 1 or more qualifying individuals with respect to the taxpayer:

**(i)** expenses for household services, and

**(ii)** expenses for the care of a qualifying individual."

[6] IRC section 21(d)(2) provides:

**"Special rule for spouse who is a student or incapable of caring for himself.**--In the case of a spouse who is a student or a qualifying individual described in subsection (b)(1)(C), for purposes of paragraph (1), such spouse shall be deemed for each month during which such spouse is a full-time student at an educational institution, or is such a qualifying individual, to be gainfully employed and to have earned income of not less than--

**(A)** $250 if subsection (c)(1) applies for the taxable year, or

**(B)** $500 if subsection (c)(2) applies for the taxable year.

In the case of any husband and wife, this paragraph shall apply with respect to only one spouse for any one month."

Defendant's position is that— at least in tax year 2016[7]—an unmarried taxpayer could not claim the WFHDC for expenses incurred to allow her to attend school full time. (*See generally* Def's Mot for Summ J.) In support of that position, Defendant cites the language "employment-related" in ORS 315.264. (*Id.* at 1.) Additionally, Defendant cites Internal Revenue Service (IRS) Publication 503 and the instructions for Schedule OR-WFHDC. (*See id.* at 1–2.) "Administrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of tax statutes. The authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions; they do not include informal IRS publications." *Miller v. Comm'r*, 114 TC 184, 195 (2000) (citations omitted). Thus, the court looks to sources of law rather than published guidance to taxpayers. Here, the source of law supporting Defendant's interpretation of "employment-related expenses" is IRC section 21. Implicitly, Defendant argues that that phrase should be given the same definition for purposes of ORS 315.264 as for IRC section 21.

/ / /

/ / /

---

[7] ORS 315.264 was amended in 2017 to add a new subsection stating: "The credit allowed under this section may be claimed for expenses for care of a qualifying individual that allow a nonmarried taxpayer to seek employment or to attend school on a full-time or part-time basis." Or Laws 2017, ch 638, §2; ORS 315.264(1)(b) (2017). Chris Allanach (Allanach), Senior Economist for the Legislative Revenue Office, consistently presented the amendments to the WFHDC credit as "technical fixes and policy clarifications." *See, e.g.,* Staff Measure Summary, Senate Committee on Finance and Revenue, SB 162, Feb 8, 2017, Ex 2; Staff Measure Summary, House Committee on Revenue, SB 162, June 1, 2017, Ex 1. In his testimony to the Senate Committee on Finance and Revenue, Allanach explained that the amendment extends the WFHDC to nonmarried taxpayers who are seeking employment or attending school, which "was part of the intent in the legislation in 2015, so it just clarifies that." *See* Audio Recording, Senate Committee on Finance and Revenue, SB 162, Mar 22, 2017, at 2:22 (testimony of Allanach, Legislative Revenue Office), http://oregon.granicus.com/MediaPlayer.php?clip_id=ada00216-1895-481a-a998-be3fd891c27c&meta_id=d914d8bf-aa8d-4e50-a6f3-98afe984a579 (accessed Apr 27, 2018).

Notwithstanding the characterization of the 2017 amendments to the WFHDC credit as "clarifications" of the original policy and intent, Oregon courts have held that "[s]ubsequent statements by legislators are not probative of the intent of statutes already in effect." *United Telephone Employees PAC v. Secretary of State*, 138 Or App 135, 139, 906 P2d 306 (1995). As a result, the court places no weight on the 2017 amendment in determining the legislature's intent when it created the WFHDC in 2015.

When interpreting a statute, the court's "paramount goal" is "discerning the legislature's intent." *State v. Gaines*, 346 Or 160, 171 206 P3d 1042 (2009). The court analyzes the text, context, and legislative history to ascertain the meaning of ORS 315.264(1)(a). *Id*. at 171–172.

1.    *Text*

"[T]here is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." *Id.* at 171 (internal quotation marks omitted). Thus, "text and context * * * must be given primary weight in the analysis." *Id.* "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).[8] Courts often look to dictionaries to determine the "plain, natural, and ordinary meaning" of words. *See, e.g., J.R. Simplot Co. v. Dept. of Rev.*, 321 Or 253, 260, 897 P2d 316 (1995) (referring to *Webster's Third New Int'l Dictionary* for the definition of "consideration").

ORS 315.264 does not define the phrase "employment-related expenses," but it does reference IRC section 21, which provides a definition (set forth above) for that phrase. That direct reference in the text lends support to the conclusion that the phrase "employment-related expenses" in ORS 315.264 has the same meaning as in IRC section 21. However, the statute does not simply provide a credit for "employment-related expenses" allowable under IRC section 21; rather, it provides a credit for such expenses *of a type* allowable under IRC section 21. The question becomes, what is the meaning of the phrase "of a type" in ORS 315.264(1)(a)?

"Type" is defined in *Webster's* as, "qualities common to a number of individuals that serve to distinguish them as an identifiable class or kind"; "an individual exhibiting

---

[8] Although the court in *Gaines* overruled *PGE* with respect to the requirement that the court find an ambiguity in the text of a statute before considering legislative history, the court did not modify the analysis of the statutory text and context as the first step or the principles governing that analysis. *See Gaines*, 346 Or at 171–172.

distinguishable qualities of its kind : a typical and often superior specimen"; "a group or category exhibiting such a type : a particular kind, class or group[.]" *Webster's Third New Int'l Dictionary* 2476 (unabridged ed 2002). The language "of a type allowable as a credit pursuant to [IRC section 21]" suggests that the expenses allowed under ORS 315.264 share common qualities with the expenses allowed under IRC section 21. However, it does not necessarily follow that expenses of the same "kind, class, or group" are in all respects the same.

It is noteworthy that IRC section 21 recognizes attending school full-time as an activity in which the taxpayer's spouse may engage without losing entitlement to the credit and imputes monthly income to that activity (attending school) for purposes of the credit. That suggests that expenses incurred to attend school are a "type" allowable under IRC section 21 and, therefore, compatible with the WFHCD. The question remains whether the legislature intended to limit the WFHDC credit to students whose spouses are working or looking for work, as Defendant contends, or make the credit available to all students, regardless of marital status.

2.      *Context*

"As a part of context, this court considers, among other things, other provisions of the same statute, other related statutes, prior versions of the statute, and this court's decisions interpreting the statute." *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997); *see also State v. Brooks*, 187 Or App 388, 393, 67 P3d 426 (2003) (considering "related statutes and prior enactments of those statutes"). Statutory context also includes "the broad historical circumstances surrounding the enactment." Jack L. Landau, *Some Observations About Statutory Construction in Oregon*, 32 Willamette L Rev 1, 39 (1996), (citing *Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 350–51, 898 P2d 1333 (1995) (reviewing the "context in which the UDITPA regime was enacted," including statutes and regulations existing before enactment)).

ORS 315.264 was enacted in 2015 and combined the existing Working Family Child Care credit (WFC) with the Child and Dependent Care credit (CDC) to create a single working family child and dependent care credit. Or Laws 2015, ch 701 § 5; *see also* Preliminary Staff Measure Summary, Joint Committee on Tax Credits, HB 2171, July 1, 2015, Ex 1.[9] The WFC and CDC each expired in 2015. *See* Or Laws 2015, ch 480, §7 (stating that ORS 315.262 (the WFC) applies to tax years beginning before January 1, 2016); Or Laws 2009, ch 913, §44 (stating that, except for credits carried forward from prior years, no credit may be claimed under ORS 316.078 (the CDC) for tax years beginning on or after January 1, 2016).

The WFC and CDC each provided a credit for certain dependent care expenses. The two credits overlapped significantly, but differed in some respects:[10] the WFC was refundable, whereas the CDC was not but could be carried forward to future tax years; and the WFC was based upon AGI, whereas the CDC was based upon federal taxable income. *Compare* ORS 315.262 *with* 316.073; *see also* Exhibit 5, Joint Committee on Tax Credits, HB 2116, Apr 30, 2015, (Working Draft, House Committee on Human Services and Housing Tax Credit Analysis, accompanying statement of Rep. Keny-Guyer). Most importantly for purposes of this analysis, the CDC was directly linked to the credit allowed under IRC section 21, whereas the WFC was not. That difference yielded different treatment of students under the two credits: the WFC, by its own terms, allowed a credit for expenses incurred so the taxpayer could attend school full

---

[9] Some items discussed in this subsection—including the preliminary staff measure summary—form part of the legislative history of ORS 315.264. Those items were included under this subsection because they identify and help explain the two statutes that preceded ORS 315.264 and constitute statutory context.

[10] During the 2015 legislative session, two bills, HB 2115 and HB 2116, were introduced to extend the WFC and CDC, respectively. A work group led by Rep. Keny-Guyer, Chair of the House Committee on Human Services and Housing, studied the overlap between the two credits. *See* Exhibit 5, Joint Committee on Tax Credits, HB 2116, Apr 30, 2015, (Working Draft, House Committee on Human Services and Housing Tax Credit Analysis, accompanying statement of Rep. Keny-Guyer). The work group found that, in tax year 2012, 40,761 taxpayers claimed the CDC, the WFC, or both; of that group, only 1,659 taxpayers claimed the WFC, but did not also claim the CDC. (*Id.* at 3.)

time or part time, whereas the CDC generally did not, with the exception of the student-spouse allowed under IRC section 21(d)(2).

The WFC allowed a credit for "child care," which it defined as "care provided to a qualifying child of the taxpayer for the purpose of allowing the taxpayer to be gainfully employed, to seek employment *or to attend school on a full-time or part-time basis*[.]" ORS 315.262(1)(a) (emphasis added). By contrast, the CDC allowed a credit "in an amount equal to a percentage of employment-related expenses allowable pursuant to [IRC section 21.]" ORS 316.078(1). A taxpayer such as Plaintiff—that is, an unmarried, full-time student for half of the year—would not have been entitled to claim the CDC for dependent care expenses incurred while she was attending school because she is not entitled to the credit under IRC section 21 for those expenses. However, she would have been entitled to claim the WFC.

The operative language in ORS 315.264 (WFHDC) is similar to ORS 316.078 (CDC), but it is not identical because of the additional language "of a type." As noted above, the CDC allowed a credit "in an amount equal to a percentage of employment-related expenses allowable pursuant to [IRC section 21.]" By contrast, the WFHDC allows a credit for "a percentage of employment-related expenses *of a type* allowable pursuant to [IRC section 21.]" If the legislature had intended to limit the allowable expenses for purposes of the WFHDC to the allowable expenses under IRC section 21, it could have retained the language from the CDC (ORS 316.078), but it did not do so. To the extent the legislature intended to incorporate the WFC into the WFHDC, that supports a reading that expenses incurred while an unmarried taxpayer is attending school are "of a type" allowable under IRC section 21.

/ / /

/ / /

3.    *Legislative history*

Relevant legislative history may include statements and comments of legislators during committee hearings and work sessions, as well as staff measure summaries and statements of committee or legislative counsel. *See, e.g., Owens v. Maass*, 323 Or 430, 442–446, 918 P2d 808 (1996) (considering questions and statements of representatives and statements by committee counsel who instructed legislative counsel in drafting a new bill section); *Owens v. Motor Vehicles Div.*, 319 Or 259, 270–271, 875 P2d 463 (1994) (considering testimony by legal counsel to senate committee on effect of the bill); *Beiswenger v. PSRB*, 192 Or App 38, 51, 84 P3d 180 (2004) (considering staff measure analysis prepared for the committee).

As noted above, the WFHDC was enacted as a combination of the WFC and CDC into a single credit. Early in the session, the House Committee on Human Services and Housing reviewed the underlying policies of the various child care tax credits and statistics concerning the claimants of each credit. *See* Exhibit 5, House Committee on Human Services and Housing, HB 2115, Feb16, 2015, (accompanying statement of Allanach). The committee considered several policy options, one of which was to consolidate the credits, either by pulling the CDC into the WFC or by pulling the WFC into the CDC. (*Id.*) The committee formed a work group to study streamlining the credits, which included representatives of the Department of Revenue, other government organizations, several nonprofit organizations, and legislators. Audio Recording, House Committee on Human Services and Housing, HB 2115, HB 2116, Mar 9, 2015, at 41:40 (statement of Rep. Keny-Guyer), http://oregon.granicus.com/MediaPlayer.php?clip_id=8541 (accessed Apr 27, 2018).

The work group initially recommended eliminating the WFC, contributing the funds to the CDC and the Earned Income Tax Credit, and pegging the state tax credit to the federal credit

in order to reduce administrative costs.  *See id.* at 49:00.  Subsequently, it became apparent that combining the CDC and WFC into a single credit would not produce significant administrative savings because the Department of Revenue would continue to audit the credit to the extent claimed expenses exceeded the federal allowance.  *See* Audio Recording, House Committee on Human Services and Housing, HB 2116, Apr 15, 2015, at 21:13 (statement of Rep. Keny-Guyer), http://oregon.granicus.com/MediaPlayer.php?clip_id=9278 (accessed Apr 27, 2018); Audio Recording, Joint Committee on Tax Credits, HB 2116, Apr 30, 2015, at 15:48 (statement of Rep. Keny-Guyer), http://oregon.granicus.com/MediaPlayer.php?clip_id=9491 (accessed Apr 27, 2018).

At the work session on April 13, 2015, the work group proposed letting the WFC sunset and "fold[ing] it into the CDC."  Audio Recording, House Committee on Human Services and Housing, HB 2116, Apr 13, 2015, at 7:42 (statement of Rep. Keny-Guyer), http://oregon.granicus.com/MediaPlayer.php?clip_id=9230 (accessed Apr 27, 2018).  The work group reported studying the taxpayers who received the WFC, but not the CDC, to see if any groups were unintentionally "categorically eliminate[ed]" by the change; it did not appear so, with the possible exception of part-time students because that status was not designated on tax returns.  *Id.* at 8:10.  During the April 15, 2015, work session on HB 2116, the committee passed the -3 amendment, which was summarized by the committee administrator as "insert[ing] aspects of the working family tax credit into the child and dependent care credit."  *See* Audio Recording, House Committee on Human Services and Housing, HB 2116, Apr 15, 2015, at 19:12, http://oregon.granicus.com/MediaPlayer.php?clip_id=9278 (accessed Apr 27, 2018).  The -3 amendment contained language identical to the CDC with respect to "employment-related expenses allowable pursuant to section 21 of the [IRC]."

HB 2116 moved to the Joint Committee on Tax Credits, where Rep. Keny-Guyer presented to the committee that HB 2116, if passed, would combine funds from the WFC and CDC "into one comprehensive refundable tax credit. HB 2116, aimed at assisting low-income working families, would help offset the costs to care for young children and adult dependents *while the parent is at work or in school full time*." Exhibit 7, Joint Committee on Tax Credits, HB 2116, Apr 30, 2015, (accompanying statement of Rep. Keny-Guyer,) (emphasis added). HB 2116 did not pass out of committee, but the majority of the language was inserted into section 2 of HB 2171 (2015) via the -6 amendment, which was adopted by the Joint Committee on Tax Credits during its July 1, 2015, work session. One difference between HB 2116 and HB 2171 after the -6 amendment was the addition of the language "of a type." Allanach summarized the -6 amendment, noting that "sections 2-5 are working family child and dependent care tax credit, as came from Rep. Keny-Guyer's committee." Audio Recording, Joint Committee on Tax Credits, HB 2171, July 1, 2015, at 1:37 (statement of Allanach), http://oregon.granicus.com/MediaPlayer.php?clip_id=10138 (accessed Apr 27, 2018).

The legislative history of ORS 315.264, while not conclusive, supports a reading that expenses "of a type" allowable under IRC section 21 include expenses incurred to allow an unmarried taxpayer to attend school. In the process of drafting HB 2116, which was largely inserted in HB 2171, much analysis and consideration was given to the question of which groups currently claiming the WFC and CDC would be eliminated as a result of the combination. Full time students were never identified as a group that would be eliminated, although the work group acknowledged it could not determine whether part-time students were affected as a result of insufficient information from tax filings. More importantly, the explanation of HB 2116 given to the Joint Committee on Tax Credits by Rep. Keny-Guyer, the Chair of the House Committee on

Human Services and Housing, explicitly stated that the new combined credit would offset child care costs while the parent attended school full-time.

4.    *Preliminary conclusion*

Based on the text, context, and legislative history of ORS 315.264, the court concludes that the legislature intended to allow the credit for unmarried taxpayers who attended school full-time during the 2016 tax year, assuming all other requirements of the statute are satisfied.

## III.  CONCLUSION

After careful consideration, the court concludes that Defendant's Motion for Summary Judgment should be denied.  Plaintiff is entitled to the WFHDC under ORS 315.264 for expenses incurred to allow her to attend school full-time from January through June 2016.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Plaintiff's appeal for the 2016 tax year is granted.

Dated this ___ day of May 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on May 18, 2018.*